*Nov. Term, 1861.*

THE BOARD OF COMMIS- SIONERS, &c. v. ROGERS.

---

### THE BOARD OF COMMISSIONERS OF JEFFERSON COUNTY v. ROGERS.

Section 24 of the act for the relief of the poor, (1 R. S. 1852, p. 405,) authorizes relief to be granted to persons, not inhabitants of the township, who may be found lying sick therein, or in distress, without friends or money, and renders the county liable therefor.

Section 8 of the act to limit allowances, &c., (1 R. S. 1852, p. 101,) which provides for the employment by the county board of one or more physicians to attend upon the poor, has reference only to such poor as are settled in the county, and does not include strangers entitled to temporary relief; and hence the overseer of the poor may employ another physician to attend upon such strangers, and the county will be liable therefor.

APPEAL from the *Jefferson* Common Pleas.

WORDEN, J.—*Rogers* laid a claim before the *Board of Commissioners* for medical services, which being disallowed by the board, he appealed to the Court of Common Pleas, where, upon trial by the Court, he recovered.

The board appealing here, the case is before us on the evidence.

*Monday, December 9.*

Nov. Term, 1861.

THE BOARD OF COMMISSIONERS, &C. v. ROGERS.

It appears that a stranger, having no residence in *Jefferson* county, and without money, friends, or shelter, found himself in that county sick with the small pox. In this condition he was taken by a citizen to *John E. Moore*, trustee and overseer of the poor for *Madison* township. *Moore* furnished him a shelter, and, as such overseer, employed the plaintiff as a physician to attend upon and administer to him. For the services thus rendered this suit is brought.

The ground of defense is, that at that time the *Board of Commissioners* had an existing contract with two other physicians to attend to all cases of sickness in the county jail and county poor house, requiring medical aid, and to attend to the sick poor persons of *Madison* township generally.

There can be no doubt that § 24 of the act for the relief of the poor, (1 R. S. 1852, p. 405,) authorizes such relief to be granted, and renders the county liable therefor. *Board of Commissioners of Huntington County* v. *Boyle*, 9 Ind. 296. The question is, whether the overseer was obliged to apply to the physicians thus employed by the *Board of Commissioners*, or whether he might lawfully employ another.

This depends upon the construction that shall be given to § 8 of an act to authorize and limit allowances, &c., (1 R. S. 1852, p. 101,) taken in connection with the poor law. That section makes it the duty of the board "to contract with one or more skillful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum;" and provides that they "may also contract with physicians to attend upon the poor generally in the county; and no claim of a physician or surgeon for *such* services shall be allowed by the board, except in pursuance of the terms of such contract."

The act for the relief of the poor does not contemplate, as a general proposition, that any county shall be bound to provide for any paupers except those settled therein. Thus, § 5 provides how a settlement may be acquired. Section 10 provides for entering in the poor book of each township the names of all paupers therein. Section 14 provides for removing poor persons having no settlement "to the place where such persons belong." Section 11 provides

that if the overseers are unable to ascertain the last place of legal settlement of a pauper, he shall be provided for in the county where he may be found. Section 35 authorizes the county boards to levy a tax for the support of the poor of their respective counties. Section 24, the one first above cited, provides that "it shall be the duty of the overseers of the poor, on complaint made to them that any person, not an inhabitant of their township, is lying sick therein, or in distress, without friends or money, so that he or she is likely to suffer, to examine into the case of such person, and grant such temporary relief as the nature of the case may require." The section closes as follows: "And the board of county commissioners of the proper county, at any meeting of such board, shall examine all claims arising under the provisions of this section, and if found reasonable, shall direct the same to be audited and paid out of the county treasury."

Keeping in view the fact that each county provides for its own poor only, as a general proposition, and affords temporary relief to strangers, in the cases mentioned, as an exception, for which payment out of the county treasury is separately and specifically provided for, we have no doubt as to the construction which should be given to § 8 of the act on the subject of allowances, *supra*. The language, "may also contract with physicians to attend upon *the poor generally in the county*," evidently has reference to such poor as are settled in the county, or are entitled to be therein provided for, in accordance with the general theory that the county provides only for its own poor. It does not include strangers entitled to temporary relief, under § 24 of the poor act. This being the construction which we place upon the statutes, it follows that the physicians employed by the board were under no obligation to attend to this particular case of sickness, nor was the overseer under any obligation to call upon them, but might employ any other.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. Y. Allison*, for the appellant.

*M. G. Bright*, for the appellee.