## REINICHE *v.* THE BOARD OF COMMISSIONERS OF ALLEN CO.

CONTRACT—COUNTY POOR.—Under section 13 of the act for the relief of the poor, (1 R. S. 1852, p. 401,) it is lawful for the proper officers to send to the county asylum, for such relief as is contemplated by law, that class of paupers described in the 24th section of said act, and it will be the duty of the keeper of such asylum, under a general contract, to provide for such poor of the county as may be lawfully sent to said asylum, to receive and provide for them.

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—The appellant, on the 15th day of *December*, 1854, entered into an agreement as superintendent of the county asylum of *Allen* county, with the appellees, which agreement is in these words:

"This agreement, made this 13th day of *December*, A. D. 1854, at the county of *Allen*, and State of *Indiana*, between *John B. Reiniche*, of said county, superintendent of the county asylum of said county of *Allen*, party of the first part, and the board of commissioners of the county of *Allen*, party of the second part. Witnesseth: that said party of the first part, hath agreed and doth hereby agree to and with said party of the second part, to receive, take charge of, and keep the paupers of said county of *Allen* for the term of three years, from the 1st day of *March* next, at the county asylum, or poor house, of said county, and to superintend said asylum and said paupers, and provide for their support, maintenance, employment and education, and discharge all other duties required by law, of him as such superintendent as aforesaid, for the term of time aforesaid, upon the conditions following, viz:

"1st. No person is to be sent to said asylum, or there received as a pauper or otherwise, who has at the time any contagious disease.

"2d. The paupers named as aforesaid, include only such persons as may by law be received and maintained in such asylum, and are only to be received by said party of the first part on the proper certificate of the proper overseer or overseers of the poor, that they are such, and on the production of the certificate of the physician of the county asylum that they are free from any contagious disease as above stipulated.

"3d. Said party of the first part is to provide and furnish every thing necessary for the comfortable support of such paupers, including clothing, bedding and washing, at the said

asylum as aforesaid, for the term aforesaid, except medicine and medical attendance, without charge to said county or to said party of the second part, in any manner, or amount whatever, except as hereinafter stipulated.

"4th. Said party of the first part is to have possession of the poor house farm, on which such asylum is situate, and the use thereof for the term aforesaid, free of rent.

"5th. Said party of the first part is to have and receive for his services and expenditures, as aforesaid, in addition to the possession of said farm, as aforesaid, the sum of 2,547 dollars, and no more, which said sum shall be paid him in quarterly payments at the end of each quarter, in county orders.

"And said party of the second part, for and in consideration of the promises and undertakings of said party of the first part, as aforesaid, and of the full and faithful performance of said promises, and each of them, hereby agrees to and with said party of the first part, that he, the said party of the first part, shall have the use and occupancy of said poor house farm, to-wit: The farm purchased for a poor house from Messrs. *Sinclear* and *Fleming.*

"For and during the term aforesaid, free of rent, and that said party of the second part will also pay, or cause to be paid, to the said party of the first part, the said sum of 2,547 dollars, in the manner and at the time as above stipulated.

"In testimony whereof, the said party of the first part has hereunto set his hand and seal, and the said party of the second part, now sitting in its corporate capacity, has hereunto subscribed its corporate name, and affixed its corporate seal, the day and year first above mentioned.

"J. B. REINICHE, [SEAL.]
" WILLIAM ROBINSON, [SEAL.]
" HENRY DICKINSON, [SEAL.]
The Board of Co. Com. of *Allen* Co."

Attest: *R. Starkweather,* County Auditor.

And afterwards, on the 16th day of *June*, 1858, the appellant filed in said Commissioner's Court, his claim for 1,334 dollars and 47 cents, with an exhibit of the names, ages and sexes of persons sent to said asylum by different overseers of the poor, which he claims were not entitled to be placed in said poor house, nor covered by his contract, and demanding said sum for keeping them.

In the complaint setting forth his claim, he says : " That he did not, in said contract, agree, for the consideration therein expressed, to keep and support in said asylum, all those sick and indigent strangers, all those out of money and out of friends, and likely to suffer, and not inhabitants of the county, whose protection is provided for in the 24th section of the law, and to be attended to by the overseers."

He further says : " That the overseers of the poor, either in ignorance of the law, or to defraud him, did in all cases of complaints being made to them by strangers for relief under said section, issue their official mandate to him, to give the applicants admission to the asylum as paupers, and he always felt bound to receive them so sent, because he was in the first two years ignorant of the law, and after that he believed the county would remunerate him."

The section of the statute referred to (1 R. S. p. 405) reads thus :

" SEC. 24. It shall be the duty of the overseers of the poor, on complaint made to them that any person not an inhabitant of their township is lying sick therein, or in distress, without friends or money, so that he or she is likely to suffer, to examine into the case of such person, and grant such temporary relief as the nature of the same may require ; and if any person shall die within any township, who shall not leave money or other means necessary to defray his or her funeral expenses, it shall be the duty of the overseers of the poor of such township to employ some person to provide for and su-

Reiniche *v.* The Board of Commissioners of Allen Co.

perintend the burial of such deceased person, and the necessary and reasonable expenses whereof shall be paid by and upon the order of such overseers; and the Board of County Commissioners of the proper county, at any meeting of such Board, shall examine all claims arising under the provisions of this section, and, if found reasonable, shall direct the same to be audited and paid out of the county treasury."

The Commissioners refused to allow the claim, and the plaintiff appealed to the Circuit Court, where the cause was submitted upon an agreed statement of facts, as follows:

"It is hereby agreed on the part of the plaintiff and the defendant to the above-entitled action, that a jury is waived, and the trial thereof is submitted to the Court, upon the following agreed facts of the case; and that if the Court decides that the plaintiff should recover—that judgment be rendered against the defendant for —— dollars; but should the Court find from the said facts that the law is against the plaintiff, then the Court is to dismiss the action at the cost of the plaintiff.

"1st. Facts admitted.

"Plaintiff's contract as Superintendent, dated 30th day of *December*, 1854.

\* \* \* \* \* \* \*

"4th. Superintendent's claim filed *June* 16th, 1858, marked 'D.'

"That the question at issue between the parties is purely a question of law, and arises under the act for the relief of the poor—Vol. I. of Revised Statutes, 401—and is this:

"Was the plaintiff, as such Superintendent, under his said contract bound to receive, keep and support that class of poor described and provided for in the 24th section of said act, without any further compensation than that named in the said contract?

"Are or are not the persons provided for in said section paupers of *Allen* county under said act?

"And would or would not the plaintiff be entitled to said reasonable compensation for the necessary expense thereby incurred, as would any other party to whom said overseers might be disposed under said section to commit said distressed persons for relief?

" D. H. Colerick, Att'y for plaintiff.

" F. P. Randall, Att'y for defendant."

Whereupon the Court found for the defendants, and entered up a judgment in these words:

"*John B. Reiniche* }
    v.
*Board of Com. of Allen county.* }

" Come the parties, and the case is submitted to the Court for trial, a jury being waived; and the Court, after hearing the proofs and allegations of parties, and being fully satisfied in the premises, does say and find for the defendants."

And afterwards, at the *November* term of said court, the plaintiff filed his bill of exceptions, which is in these words:

" State of Indiana, Allen county, }
*Allen* Circuit Court, *November* Term, 1861. }

"*John B. Reiniche* }    Appeal from Board of Com.
    v.                    of *Allen* county.
*Board of Com. of Allen county.* }

" Be it remembered, that at the *November* term of this court, 1860, the plaintiff and the defendant submitted this action to the decision of the Court upon their statement of facts made out and signed by the said parties; and at the same time the plaintiff made his affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the

Reiniche *v.* The Board of Commissioners of Allen Co.

parties; and afterwards, on the — judicial day of said term, the Court tried the said action, and found for the defendant, upon said agreed statement of facts; and then the plaintiff moved the Court for a new trial, because the finding was contrary to the evidence and the law; which motion the Court overruled, to which ruling the plaintiff then excepted; and then the plaintiff moved in arrest of judgment, which motion the Court overruled, and to said ruling the plaintiff then excepted; and judgment for costs was entered against the plaintiff, that at said *November* term, 1860, of said Court, said Court gave the said parties until the next ensuing term of said Court to settle the plaintiff's bill of exceptions; that the next ensuing term of said Court was its *April* term, 1861, at which term Judge *Wilson*, who tried said action, did not preside, and the said bill of exceptions, by reason thereof, could not be settled at said term, and the case was continued to this present term of said Court to settle this said bill of exceptions, and the plaintiff prays the Court to sign this, his bill of exceptions, that the same may be made a part of the record as such; and the parties, by their agreement under the direction of the Court, direct the clerk, in making out the record in this action, to insert the contract between the plaintiff and the defendant for the care of the Poor-House farm, and the complaint of the plaintiff, filed before the Board of said Commissioners, and by it disallowed, and from which appeal was taken, and the facts agreed upon and signed by the parties, and the decision of the said Board of Commissioners in disallowing the demand, and the final judgment against the defendant by this Court on its said findings, which will contain a full presentment of all the proceedings for the opinion and decision of the Supreme Court in the premises.

"Witness my hand and seal, this — day of ——, it being the — juridical day of the *November* term, 1861, of said Court.

"E. R. WILSON, [SEAL.]"

The act for the relief of the poor seems to have reference to four classes of persons.

1. Section four provides that the county shall support all poor persons lawfully settled therein.

2. Section twelve provides for the support of poor whose place of settlement can not be determined.

3. Section twenty-four, above quoted, provides for the temporary relief of poor without regard to the question of residence.

4. Section eight, and an additional act of 1857, authorize aid to certain poor at their homes.

Another section is as follows:

" SEC. 13. Whenever any person entitled to temporary relief as a pauper, shall be in any township in which he has not a legal settlement, the overseers of the poor thereof may, if the same is deemed advisable, grant such relief by placing him or her temporarily in the poor-house of such county, if there be any, to be employed therein so far as he or she is capable of any employment."

The simple question before this Court is, can persons, entitled to relief under section 24, properly be placed in the county asylum, under section 13, just quoted, for the reception of that relief? If so, we must presume the judgment below was right, as the Court heard evidence, it appears by the record, which was not in the agreed statement, and is not in the record, and, hence, not before us.

We think the persons referred to in section 24 might be placed in the asylum for relief, and, hence, included in the plaintiff's contract set forth in the commencement of this opinion.

*Per Curiam.*—The judgment below is affirmed, with costs.

*D. H. Colerick*, for the appellant.

*F. P. Randall*, for the appellee.