## COOPER *v.* THE BOARD OF COMMISSIONERS OF HOWARD COUNTY.

PAUPER.—*Contract by County Board, with Physician.—Action on Account, for Extra Services for Non-Resident Paupers.*—In an action on account, by a physician, against the board of commissioners of a county, to recover for professional services rendered by the plaintiff for certain alleged non-resident paupers, the defendant pleaded and proved that the plaintiff, during the time such services were rendered, was employed by the defendant, at a specified salary, pursuant to a contract in writing, to "do all the pauper practice in" a certain township, "including the county asylum and jail," and "to present no claims or demands for any extra charges."

*Held,* that, by the contract, the plaintiff was bound on the application of the proper officers, to treat non-resident paupers within such township without extra charge.

RECORD.—*Motion for New Trial.—Bill of Exceptions.*—A motion for a new trial is part of the record, without a bill of exceptions.

SAME —*Instruction to Jury.*—An instruction to a jury, which is signed by the judge, and at the close of which a party has objected and excepted in writing, over the signature of his attorney, is part of the record, without a bill of exceptions.

From the Howard Circuit Court.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellant.

*J. O'Brien* and *M. Garrigus,* for appellee.

PERKINS, J.—Dr. William B. Cooper sued the Commissioners of Howard county, Indiana, upon a bill of particulars, for medicines and visits, as a physician, to certain named persons, amounting to $196. He averred in his complaint, that said persons were paupers in said county, without stating in what township, but were non-residents of the county.

The Commissioners answered :—

1. The general denial ;

2. Setting up the following contract, claiming that the services sued for were embraced by it :

"Know all men by these presents, that we, the undersigned, are held and firmly bound to the county of Howard, in the State of Indiana, in the penal sum of one thousand

dollars, for the payment of which we bind ourselves jointly and severally.   Witness," etc.

" This obligation to be void upon the following condition, to wit: Whereas William B. Cooper has agreed with the Board of Commissioners of said county, that he will, for the term of two years from the date hereof, do all the pauper practice in Centre township in said county, including the county asylum and jail, and furnish all necessary and proper medicines and surgical aid for disease and injuries of every kind, and also midwifery included.   And said William B. Cooper further agrees to present no claims or demands for any extra charges. And the said William B. Cooper further agrees to render the service above indicated promptly upon the reasonable request of the proper authorities, for which the county of Howard agrees to pay, in quarterly instalments, the sum of five hundred and fifty-nine dollars, for said term of two years ; and it is further agreed, if the said William B. Cooper shall fail or refuse to render, at any time, the services above required of him by the terms of the contract, upon reasonable and proper request, the said county shall be at liberty to employ any other physician and surgeon for the given case, and the cost and expense thereof to be   deducted from the amount agreed to be paid to the said William B. Cooper."

The agreement was duly executed.

Reply, in general denial of the second paragraph of answer.

Trial by jury, to whom, before their retirement, the court gave the following instruction, viz. :

" Under the contract made by the plaintiff, with the board of commissioners, to do the pauper practice of Centre township, including the jail and county asylum, furnish medicine, perform surgery and midwifery, he was bound to treat non-inhabitants of the county of Howard, as well as

inhabitants; the transient poor and destitute, as well as those having a settlement within the county; and, if the medical services claimed for in this action were rendered in Centre township, of Howard county, within the period of time covered by the contract, the plaintiff is not entitled to recover therefor in this action.    C. N. POLLARD, Judge."

"Given by the court, and excepted to by the plaintiff at the time.            Blacklidge & Blacklidge,

"Attorneys for Plaintiff."

Thereupon the jury retired to consult of their verdict.

The jury found for the defendant, and answered interrogatories propounded by the plaintiff, as follows:

1. "Were the persons, to whom plaintiff rendered medical services, (if such services were rendered,) residents of the county of Howard, at the time such services were rendered?"

Ans. "W. W. Ryan was not a resident."

2. "Were such services rendered (if they were rendered) upon the order of the acting trustee of Centre township, and superintendent of the county asylum of Howard county?"

Ans. "They were."

The plaintiff filed a motion for a new trial, stating the following reasons therefor:

1. Verdict contrary to law;

2. Verdict contrary to evidence; and,

3. Error of the court in giving its instruction to the jury.

The motion was overruled, and judgment rendered on the verdict, to which the plaintiff entered an exception.

It is assigned for error, that the court erred in overruling the motion for a new trial.

There is no bill of exceptions in the record. But the motion for a new trial is a part of the record without a

bill of exceptions. *Kirby* v. *Cannon,* 9 Ind. 371. And the instruction was properly made a part of the record in one of the statutory modes. Sec. 325, 2 R. S. 1876, p. 168. We can not say, from what appears in the record, that the first and second causes or reasons for a new trial existed.

The third reason, viz., the giving by the court to the jury, of the single instruction above copied, depends upon the construction to be given to the contract set forth in the answer.

Section 8, p. 63, 1 R. S. 1876, is as follows :

" It is hereby specially made the duty of such board to contract with one or more skilful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum, and may also contract with physicians to attend upon the poor generally in the county, and no claim of a physician or surgeon for such services shall be allowed by such board except in pursuance of the terms of such contract, provided that the foregoing section shall not be so construed as to prevent the overseers of the poor or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his, or their jurisdiction, may require."

In the act for the relief of the poor, it is made the duty of the overseers of the poor to provide for such as are transient. Sections 12 and 13 of said act are as follows, 1 R. S. 1876, p. 679 :

" Sec. 12. If any one within the description of poor persons specified in this act, shall be found in any county or township and the overseers of the poor of such township shall be unable to ascertain and establish the last place of legal settlement of such person, they shall proceed to provide for such poor person in the same manner as other persons are hereby directed to be provided for.

"Sec. 13. Whenever any person entitled to temporary relief as a pauper, shall be in any township in which he has not a legal settlement, the overseers of the poor thereof may, if the same is deemed advisable, grant such relief by placing him or her temporarily in the poor-house of such county, if there be any, to be employed therein so far as he or she is capable of any employment."

It is clearly shown that the medical services were rendered to paupers, at the time in Centre township. This being so, the services were embraced by the contract set up in the answer. *Reiniche* v. *The Board of Commissioners, etc.,* 20 Ind. 243, we think in point.

The contract in *The Board of Commissioners, etc.,* v. *Rogers,* 17 Ind. 341, does not appear to have been as comprehensive as that in the present case. See *The Board of Commissioners, etc.,* v. *Boynton,* 30 Ind. 359 ; *Conner* v. *The Board of Commissioners, etc.,* 57 Ind. 15.

The court did not err in its instruction, nor in overruling the motion for a new trial. The contract in question embraced the transient as well as the resident paupers ; all, in short, that the county were bound to provide for, in said Centre township.

Judgment affirmed, with costs.