May Term,<br>1850.<br><br>CARTER<br>v.<br>HANNA.

*H. Cooper*, for the plaintiff.

---

CARTER *v.* HANNA.

When evidence is objected to, and the particular reasons of objection are not pointed out to the Court at the time, and shown by the record, the reception of the evidence cannot be assigned for error.

The presumption is, that matters of set-off to a judgment, which accrued before the rendition thereof, were included in the judgment, though such presumption may be removed by proof that the items were not so included.

ERROR to the *Grant* Circuit Court.

SMITH, J.—This was an action of debt brought by *Hanna* against *Carter*, the plaintiff, in error, upon two judgments

*Wednesday,*<br>*May 29.*

rendered by a justice of the peace in the state of *Ohio*, on the 25th of *October*, 1843, one being for 87 dollars and 69 cents, and the other for 57 dollars and 38 cents. Both were in favor of the defendant in error, and against the plaintiff in error.

Pleas—*nul tiel record;* and payment, with notice of set-off, under the common counts.

The issue upon the plea of *nul tiel record* was submitted to the Court and found for the plaintiff. The issue upon the second plea was submitted to a jury, who likewise found for the plaintiff, and, a motion for a new trial being overruled, judgment was rendered for 192 dollars and 56 cents, debt and damages—that being the amount of the two judgments with interest.

Upon the trial the plaintiff introduced transcripts of judgments corresponding with those described in the declaration. The judgment for 87 dollars and 69 cents appeared to have been rendered upon a note, in a suit in which judgment was confessed. That for 57 dollars and 38 cents was rendered in a suit in which each party filed accounts, and was for the balance found due on the settlement of those accounts.

The defendant objected to the transcripts being received in evidence, but the objection was overruled. The record does not disclose the grounds upon which the transcripts were objected to, and it has been settled by several recent decisions of this Court, that unless the particular reasons for which evidence may be objected to are pointed out at the time and shown by the bill of exceptions, its reception cannot be assigned as error. *White Water Valley Canal Co.* v. *Dow, May* term 1848 (1).

The defendant proved that in the year 1840, the plaintiff bought of the defendant three barrels of whisky, containing from 38 to 40 gallons each, worth 37½ cents per gallon, which was all the evidence introduced by him.

The Court then charged the jury that, "under the evidence in the cause the presumption of law is, that the matters of set-off, proved by the defendant, were merged in the trial before the justice of the peace in *Ohio*, who

rendered the judgments on which this action was brought; and as the defendant has proved no matters of set-off that are subsequent to the rendition of the judgments, your judgment must be for the plaintiff."

This instruction was objected to, but we think the direction given to the jury, that the state of the evidence required them to find for the plaintiff, was correct. The presumption that all the previous accounts of the parties were included in the settlement upon which one of the judgments was rendered, might, perhaps, have been removed by proof that the items attempted to be set-off in this suit were not so included, but as no such proof was offered, the evidence in the case clearly entitled the plaintiff to the judgment rendered.

During the progress of the cause the defendant moved to suppress some portions of a deposition taken by the plaintiff, and the decision of the Court overruling this motion is one of the errors complained of. If the motion had prevailed, however, the result must have been the same. The testimony thus objected to was unnecessary and could have had no influence upon the determination of the cause.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*D. Wallace, J. S. Hendricks,* and *J. M. Wallace,* for the plaintiff.

*J. Brownlee,* for the defendant.

(1) See 1 Carter's Ind. R. 141.