## The Board of Commissioners of Bartholomew County *v.* Boynton.

PAUPERS.—MEDICAL ATTENDANCE.—The decision in the case of *The Board of Commissioners of Bartholomew County* v. *Ford, ante.* p. 17, approved.

OBJECTION TO EVIDENCE.—An objection to the admissibility of evidence which was not presented to the court below, will not be noticed in the Supreme Court.

APPEAL from the *Bartholomew* Common Pleas.

RAY, C. J.—The appellee filed his complaint substantially as follows: "That he is now, and has been continually for

the last ten years, a practicing physician of said county; that defendant is indebted to him in the sum of $101 00, for medicines furnished, and medical attendance and services rendered, to the family of *Joseph Robison*, at the request and under the direction and employment of *David C. Shirk*, trustee of *Rock Creek* township, in said county; that at and during the time of furnishing said medicines, and rendering said services, and at the date of the employment of the plaintiff by said trustee, said family of said *Robison* were paupers, and a temporary charge upon said county; that at said time they were *bona fide* inhabitants of, and residents in, said *Rock Creek* township; that there was no physician whose duty it was to afford relief to paupers outside the poor house and jail of said county; that none of said family were in the poor house or jail of said county; that said claim was properly presented to and filed with said board, for allowance and payment, at their *June* term, 1866, but said board refused to allow or pay the same, and the same is due and unpaid." A bill of particulars was filed.

The appellant demurred to the complaint, for the reasons: 1. That it did not state facts sufficient to constitute a cause of action. 2. That the court had no jurisdiction of the cause of action. The demurrer was overruled.

The board answered as follows: 1. A general denial. 2. That the plaintiff had not filed his claim, as sued on, before the board. 3. That no evidence of any kind was ever introduced or offered, concerning said pretended claim, before said board, by the plaintiff, or by any one, and defendant had no knowledge or information concerning the justness or truth of said claim or charges, or any part thereof, and the same was not itemized as required by law, but said claim was for services rendered to "*Joseph Robison's* family," without showing to which members the services were rendered, or how much service was rendered to each member of the family, and for these reasons the same was disallowed."

The appellee demurred to the third paragraph of appellant's answer, for the reason that it did not state facts sufficient to constitute a defense to the action. The demurrer was sustained, and a reply was filed in denial of the second paragraph of the answer. There was a finding for the appellee. The questions presented by the rulings of the court upon the demurrer have already been determined in favor of the action of the court below, in a case decided at this term. *Board of Commissioners of Bartholomew County v. Ford, ante.* p. 17.

It is assigned as error that the court below permitted the appellee to testify as follows, over the objection of the appellant: "on the — day of *January,* 1866, *Joseph Robison's* brother brought to me a written order from *David Shirk,* trustee of *Rock Creek* township, in *Bartholomew* county, *Indiana,* directing me to wait on *Joseph Robison's* family, and under that order I did attend and render the services mentioned in my bill." The appellant objects, in this court, that the witness should not have been allowed to state the contents of the written order, without proving its loss. This objection is not available in this court, as it was not made the foundation of the objection to the evidence on the trial. The bill of exceptions reads thus: "To the introduction of such evidence the defendant objected at the time, for the reason that the records of the trustee should be produced, showing such employment, as the trustee could only speak by his record." The court committed no error in overruling the objection, on the ground assumed, to the admission of the evidence.

The judgment is affirmed, with five per cent. damages and costs.

*F. T. Hord,* for appellant.

*W. Herod* and *W. W. Herod,* for appellee.