*J. S. Ogden* and *J. V. Hadley*, for appellees.

---

## CLEM *v.* MARTIN.

CONTRACT.—*Custom.*—*Landlord and Tenant.*—A stipulation in a lease of land for farming that the crop when harvested shall be divided according to the custom prevailing among the farmers of the neighborhood in which the land is situated, is valid.

BILL OF EXCEPTIONS.—*Motion to Strike Out.*—The action of the court in overruling a motion to strike out a paragraph of a pleading will not be reviewed by the Supreme Court, if the question be not presented by a bill of exceptions.

SAME.—*Objection to Evidence.*—An exception to the admission of evidence over objection cannot be made available in the Supreme Court, if the bill of exceptions do not show that a ground of objection was stated to the court below and what the ground of objection was.

APPEAL from the Warren Common Pleas.

BUSKIRK, J.—The appellee brought his action in the court below against the appellant to recover damages for an alleged violation of a contract. The complaint alleges, that the appellant, in March, 1868, rented to the appellee, for that year, twenty-one acres of land for corn, and nine acres for wheat; that the appellee was to furnish the seed wheat; that the appellant was to furnish horses, and the necessary farming implements, and a house for the appellee to reside in; that the wheat when harvested was to be divided according to the custom prevailing among the farmers of that neighborhood; that the appellee was to deliver to the appellant, in his cribs on the said farm, two-thirds of all the corn raised on the said corn land; that the appellee moved into the said house, and sowed the nine acres of wheat; that the appellant furnished to the appellee the horses and farming

implements agreed upon, soon after he moved into the said house on the said farm; that after the said wheat had been sowed, the appellant without the knowledge or consent of the appellee took possession of and removed the said horses and implements, and refused to permit the appellee to cultivate the said twenty-one acres in corn, by which he had been damaged.

The appellant moved to strike out of the complaint all that referred to the custom in the neighborhood where the land was situated, as to the rent of land to be cultivated in wheat. The motion was overruled and excepted to. This is assigned for error. We are referred to *Harper* v. *Pound,* 10 Ind. 32, as an authority in point. We do not so regard it. In that case, it was offered to prove by the local usage of that locality what was meant by the words "to clear," as used in the contract sued on. This court correctly held that this could not be done. The case under consideration presents a very different question. In this case the parties referred to and incorporated into their contract, and made a part thereof, the usage that prevailed among farmers in that locality.

We admit that a plain and express contract cannot be contradicted, varied, explained or modified by the custom prevailing in any particular locality; but this does not prevent parties from making the usage of a particular locality a part of their contract, and agreeing that they will be governed thereby, provided such usage is not "in conflict with the settled rules of the law, and does not go to defeat the essential terms of the contract." *Wallace* v. *Morgan,* 23 Ind. 399; *Atkinson* v. *Allen, Adm'r,* 29 Ind. 375.

In the case under consideration, the usage that by the agreement of the parties entered into and became a part of the contract did not conflict with the settled rules of the law, and was not offered to defeat, but to support, the essential terms of the contract. The court below committed no error in overruling the motion to strike out.

The appellant demurred to the complaint. The demurrer

Clem *v.* Martin.

was overruled and excepted to. This is assigned for error. The only objection urged to the complaint is the custom therein mentioned. This is no ground of demurrer. The ruling of the court on the demurrer was correct.

The appellant filed an answer in four paragraphs. There was a motion to strike out the second, third, and fourth, which was overruled, but the question is not presented by bill of exceptions, and is not available here. There was a demurrer filed to the second, third, and fourth paragraphs of the answer, which was overruled and excepted to, but there is no assignment of cross errors, and the question cannot be considered.

There was a jury trial; finding for the appellee; motion for a new trial by appellant, which was overruled and excepted to. The third reason assigned for a new trial was the admission of incompetent evidence. The question was reserved by a bill of exceptions. The bill of exceptions states, that "the plaintiff proposed to prove as an element or circumstance in arriving at the damages in said case, the fair rental value of the land in the complaint mentioned, per acre, for the cropping season of 1868, in the community where situated. But the defendant objected to this mode of proof as an element or circumstance to be considered in arriving at or assessing the damages for the breach of the contract sued on." The bill of exceptions says, that the appellant objected to this evidence, but it does not inform us how, in what manner, or for what reasons, he objected. No reasons were pointed out to the court below. It is well settled by repeated decisions of this court that a general objection to evidence is not sufficient. The objections must be pointed out and the attention of the court specially called to them. The judge in the midst of a trial cannot be expected to delay the trial to hunt up the objection. Upon this point we refer to the following decisions of this court, and the list might be greatly extended. *Russell* v. *Branham*, 8 Blackf. 277; *Galbreath* v. *Doe*, *Id.* 366; *Carter* v. *Hanna*, 2 Ind. 45; *Adkins* v. *Holmes*, *Id.* 197; *Blasingame* v. *Blasingame*, 24 Ind.

86; *Ammerman* v. *Crosby*, 26 Ind. 451; *Board of Com'rs, &c.*, v. *Boynton*, 27 Ind. 19; *Briggs* v. *McCabe, Id.* 327.

The bill of exceptions presents no question for the review and decision of this court as to the competency of the evidence that was objected to.

The evidence is in the record, and we are urged to reverse the judgment upon the weight of the evidence. We have examined the evidence with care, and are of the opinion that the verdict of the jury was fully supported by the evidence. We think the court did right in overruling the motion for a new trial.

The judgment is affirmed, with costs and five per cent. damages.

*B. F. Gregory* and *J. Harper,* for appellant.

*L. T. Miller,* for appellee.