JAMESON *v.* THE BOARD OF COMMISSIONERS OF BARTHOLOMEW COUNTY.

PRACTICE.—*Uncertainty in Pleading.—Demurrer.—Motion.*—Where a pleading states a sufficient cause of action in a vague or indefinite manner, the defect can be reached, not by demurrer, but only by motion to make more certain and specific.

COUNTY CORONER.—*Inquest.— Employment of Physician or Surgeon.—Liability of County.— Residence of Physician.*—The coroner of a county, in hold-

Jameson *v.* The Board of Commissioners of Bartholomew County.

ing an inquest upon the body of a human being found within his county, and supposed to have come to death by casualty or violence, has the right to employ such medical or surgical skill as in his judgment may be necessary, and to charge his county with the payment of the reasonable value thereof ; and, in so doing, he is not limited to the employment of persons residing within the county.

SAME.—*Coroner to Certify, and Commissioners to Order Payment for, Services.*—Where such services have been rendered at the request of the coroner, it is his duty to certify the facts to the board of commissioners, whose duty it is to order payment therefor, at their reasonable value, out of the county treasury.

SAME.—*Value of Services.—Coroner's Contract.—Measure of Damages.*—The fact that the coroner, in requesting such services, stipulates the amount to be paid therefor, is not binding, as the value of the services must be determined as in any other unliquidated claim against the county.

SAME.—*Appeal, or Original Action, on Disallowance.—Board's Decision not Final.—Former Adjudication.*—Upon the total disallowance of such a claim, by the board of commissioners, the claimant may, at his option, either appeal, or bring an original suit for the value of his services ; and such disallowance will not support or authorize a plea of former adjudication, as the determination of such claim by the board is not final.

SAME.—*Constitutional Law.—Title of Act.*—The subject-matter of section 10 of the act authorizing and limiting allowances, 1 R. S. 1876, p. 63, is properly embraced within the title of that act.

SAME.—*Chemical Analysis Outside of County.*—The fact that the claimant, at the request of the coroner, after a *post mortem* examination of the body of a deceased person, supposed to have died by poison, took the stomach out of the county to make a chemical analysis of its contents, is no defence to an action against the county, for such services.

SAME.—*Motive Instigating Inquest.—Notice.*—The fact that such inquest was instigated by a third person, from interested motives, and should not have been held, constitutes no defence to such action, unless it is also alleged that the claimant had notice of such facts, before performing the services.

SAME.—*Person Dying in One, Buried in Another, County.— What Coroner to hold Inquest, after Burial.*—Where, after burial, an inquest becomes necessary to determine the manner of the death of a person who, dying in one, is buried in another, county, the coroner of the latter county is the proper officer to hold the inquest.

SUPREME COURT.- *Practice.—Motion to Strike Out Part of Pleading.—Bill of Exceptions.—Record.*—To present to the Supreme Court any question upon the ruling on a motion to strike out parts of a pleading, both the motion and the ruling must be made part of the record by a bill of exceptions.

From the Bartholomew Circuit Court.

*J. L. McMaster, A. Boice* and *C. E. Clark*, for appellant.
*F. T. Hord*, for appellee.

Howk, C. J.—In this action, the appellant sued the appellee, in a complaint of three paragraphs, upon an open account for services rendered by the appellant as a physician, at the instance and request of the coroner of Bartholomew county. The appellee demurred to each paragraph of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were overruled, and to these decisions the appellee excepted. The appellee then answered, in seven paragraphs; and the appellant demurred to the third, fourth, fifth, sixth and seventh paragraphs of said answer, upon the ground that neither of them stated facts sufficient to constitute a defence to his action. The demurrer was sustained by the court to the sixth and seventh paragraphs of the answer, and to this ruling the appellee excepted; and as to the third, fourth and fifth paragraphs of said answer, the court overruled the demurrer, and to this decision the appellant excepted. The appellant failed and refused to reply to the appellee's answer, and judgment was rendered thereon, on the demurrer thereto, in favor of the appellee and against the appellant, for the costs of suit, from which judgment this appeal is now here prosecuted.

In this court the appellant has assigned, as errors, the decisions of the circuit court in overruling his demurrers to the third, fourth and fifth paragraphs of the appellee's answer; and the appellee has assigned, as cross errors, the decisions of the court below in overruling its demurrers to the several paragraphs of the complaint, and in sustaining the appellant's demurrer to the sixth and seventh paragraphs of its answer.

In the natural order of things, it is proper that we should first consider and pass upon the appellee's cross

errors, which call in question the sufficiency of the different paragraphs of the appellant's complaint.

In the first paragraph of his complaint, the appellant alleged, in substance, that said Bartholomew county was indebted to him in the sum of five hundred dollars, for work and labor done and performed, and professional services rendered, by the appellant for said county, at its special instance and request, a bill of particulars of which was filed with and made part of said paragraph; that said sum of money was then long past due; and that the appellee, though often requested, had failed and refused to pay said indebtedness, and the same was then due and wholly unpaid.

The bill of particulars, which was filed with and made part of each of the paragraphs of the appellant's complaint, was as follows:

"Bartholomew County, Indiana,

"To Henry Jameson, M. D., Dr.

"Nov. 28th, 1876. To analysis of stomach of Mary Prather, by request of Coroner of Bartholomew County,.... $500.00."

With the complaint, there was also filed a copy of a written order, signed by the coroner of Bartholomew county, which was made a part of the second paragraph of the complaint, but we may properly set it out in this connection, as follows:

"INDIANAPOLIS, Nov. 6th, 1876.

"Dr. Henry Jameson will make a careful analysis of the stomach of Mary Prather, deceased, submitted by me this 6th day of November, 1876. This analysis to be made with a view of determining the presence of any poison that may have been introduced before death, and the report of the same to be submitted to S. A. Bayless, Coroner of Bartholomew county, Ind. The compensation for said service, including service at court if this case is in litigation, shall be one hundred and fifty dollars ($150.00), to be paid by

the commissioners of Bartholomew county, Indiana, upon my certificate, when the service shall be completed, or as soon thereafter as the county board shall convene.

(Signed), " S. A. BAYLESS,

" Coroner of Bartholomew Co., State of Indiana."

The allegations of the first paragraph of the complaint are not very full, explicit or satisfactory, but they state the appellee's indebtedness, in general terms, to the appellant, and this statement is admitted by the demurrer. If the appellee wanted a fuller and more explicit statement of the grounds of the appellant's cause of action, its remedy was, not a demurrer for the want of sufficient facts, but a motion to make more specific and certain the allegations of the first paragraph of the complaint. *The Pennsylvania Company* v. *Sedwick*, 59 Ind. 336. The court did not err, we think, in overruling the appellee's demurrer to the first paragraph of the complaint.

The appellant alleged, in substance, in the second paragraph of his complaint, that, on the 6th day of November, 1876, S. A. Bayless, then the coroner of Bartholomew county, Indiana, employed the appellant to analyze the stomach of Mary Prather, deceased, for the detection of poison therein, and report the result of said analysis to him, the said Bayless; that said Bayless further agreed, that the county commissioners of said county should compensate the appellant in the sum of $150 for his services in making such analysis, when the services should be completed and certified to by said coroner; that said employment by said coroner, and his agreement for said county in that behalf, were reduced to writing, and a copy of such writing was filed with and made part of said paragraph; that the appellant made the analysis of said stomach and his report thereof to said coroner, during November, 1876, and fully performed each and every thing he was employed to perform by said coroner; that, after the rendition of said ser-

vices, the appellant's account therefor in due form, properly verified by him and certified to as correct by said coroner, was filed by the appellant before the board of commissioners of said county, on the —— day of ——, 187—, and payment thereof demanded; that the appellee, unmindful of its duty in the premises, failed and refused either to allow or pay said sum of money, or any part thereof, and the same was due and wholly unpaid; that the services so rendered by the appellant, which were necessary in making said analysis a complete and proper one, were worth much more than the sum of $150; that the said Mary Prather was a deceased person, whose body was found within said Bartholomew county, and on whose body a *post mortem* examination and inquest were held by said coroner, in the discharge of his official duty, it being supposed that the said Mary Prather had come to her death by casualty or violence, and said analysis, so made by the appellant, was necessary to determine whether or not her death ensued, in fact, because of casualty or violence.

The question of the sufficiency of this second paragraph of the complaint depends for its proper determination upon the construction to be given to the provisions of the statute, entitled "An act prescribing the powers and duties of coroners," approved May 27th, 1852, as amended by an act approved February 9th, 1871. In the 4th section of this statute, it is made the duty of every coroner, "as soon as he shall be notified that the dead body of any person, supposed to have come to his death by violence or casualty, is within his county," to issue his warrant to a constable of the township where the dead body is lying, requiring him to summon a jury of six men of said township, to appear before such coroner and enquire, upon view of the body, how and in what manner and by whom he came to his death. 2 R. S. 1876, p. 20.

Section 6 of said act prescribes the form of the oath to

be administered by the coroner to the jury, and section 7 declares, that, " The jurors being sworn, the coroner shall give them a charge upon their oaths, to declare of the death of the person, how and by whom it was caused, and all circumstances attending the same, and whether any person is guilty of said death, and the degree of guilt."

In section 8 of said act, it is provided as follows :

" Sec. 8.   All persons desirous of being heard, shall be examined as witnesses, and the coroner may cause witnesses to be summoned by subpœna, issued by him, and served by a constable ; who shall answer all questions asked them on oath, touching such death.   And when a surgeon or physician is required to attend such inquest. and make a *post mortem* examination, the coroner shall certify such service to the board of county commissioners, who shall order the same paid out of the county treasury."   2 R. S. 1876, p. 21.

It is very clear, we think, that it was the intent and purpose of these statutory provisions, to clothe the coroner of the county, whenever he should be notified that the dead body of any person, supposed to have come to his death by violence or casualty, was within his county, with the necessary power to properly enquire, and if possible ascertain, how, in what manner and by whom such person came to his death, and whether any one was guilty of said death, and the degree of guilt.   The welfare of society and the interests of public justice alike demand, that such an enquiry or inquest should be thorough and complete, to the end, that, if the death has been caused by a criminal agency, the guilty may be discovered, and receive merited punishment, and the innocent may, perhaps, be freed from unjust suspicion.   We think, therefore, that these statutory provisions should be liberally construed, with a view to the accomplishment of the end desired, and in such manner as to enable the coroner, where the death of a human

being has apparently been caused by criminal agency, to employ such scientific means, and persons skilled therein, as may be necessary to ascertain the cause of such death. It is well known, that, where the death has been caused by the use of poison, the presence and character of the poison used can be ascertained by a chemical analysis of the contents of the stomach of the dead body, when all other means to that end would probably fail. This being so, and keeping in view the ends to be accomplished by the proper exercise by the coroner of the powers necessarily incident to the discharge of the duties imposed on him by law, namely, the ascertainment of the cause, the manner and the agency by means of which such violent or casual death has ensued, and the degree of guilt attributable to such agency, it seems to us, that the statutory provisions above cited and quoted ought to be so construed, in the interest of justice and humanity, as that the coroner may be thereby authorized to employ such medical or surgical skill as may be necessary, in his judgment, in the particular case, and to charge his county with the payment of the reasonable expense thereof.

Under the facts stated in the second paragraph of the complaint, we are clearly of the opinion that the coroner of Bartholomew county was authorized by the provisions of the statute to employ the appellant, as a physician or surgeon, to make an analysis of the stomach of Mary Prather, deceased, who was supposed to have come to her death by casualty or violence, whose dead body was within said county, for the purpose of determining the presence of any poison in her stomach, which might have been introduced before her death. As the supposition was that the death was caused by poison, it may be regarded as certain, that, without such an analysis of the contents of the stomach of the decedent, the *post mortem* examination and inquest held by the coroner, in the discharge of his official duty, would

have been, at most, an empty and unavailing form. By his employment of the appellant, the coroner secured not only the appellant's analysis of the stomach, but also his personal presence as a witness, whenever it was desired, in Bartholomew county. We do not think that the apparent employment of the appellant by the coroner, outside of his county, materially affects the question now under consideration. The coroner was authorized, and it was his duty, under the law, to employ such medical or surgical skill as would enable him and his jury to determine, if practicable, how, in what manner, and by whom the decedent, Mary Prather, came to her death, and whether any person was guilty of her death, and the degree of guilt. In the employment of such skill for such purpose, we do not think that the coroner was, or ought to have been, limited by the boundaries of his county. In our opinion, the second paragraph of the complaint stated facts sufficient to constitute a cause of action, and the demurrer thereto was correctly overruled.

Of the third paragraph of the appellant's complaint, all that is said by the appellee's counsel, in his brief of this cause, is contained in the following sentence: " The same objections made above to the second paragraph of the complaint apply to this paragraph, and I will not repeat them." Having reached the conclusion that the second paragraph of the complaint was a sufficient cause of action, we need not and do not consider the sufficiency of the third paragraph. We may add here, however, what we ought perhaps to have said while considering the sufficiency of the second paragraph; that is, we do not think that the appellee was bound by the contract of the coroner to the payment of the precise sum mentioned in his employment of the appellant. The coroner was authorized by the statute, as we construe it, to employ the appellant to make the analysis, for the purposes of the inquest; and

it was the coroner's duty to certify the facts in regard to such service, to the appellee, whose duty it then became to order the payment therefor, of the value thereof, out of the county treasury. The amount of the appellant's compensation for his services was to be determined by the appellee, like any other claim against the county.

Our conclusion is, that no error was committed by the circuit court in overruling the appellee's demurrer to the several paragraphs of the appellant's complaint, or either of them.

We pass now to the consideration of the several questions presented for our decision by the alleged errors of the court below, complained of by the appellant in this court.

The first error assigned by the appellant is the decision of the circuit court in overruling his demurrer to the third paragraph of the appellee's answer. In this third paragraph of its answer, the appellee alleged, in substance, that the coroner of Bartholomew county certified the appellant's said services to the appellee; that the appellant, at the December term, 1876, filed the said claim, so duly certified, before the appellee, in proper form, for allowance, and the same was duly submitted to the appellee for its consideration and allowance; and that, after the proper and due submission of evidence to the appellee, while lawfully in session at its said December term, the same was disallowed by the appellee, of which the appellant had due notice, and judgment was duly entered against the appellant thereon, and no appeal had been taken by the appellant from the action of the appellee; but that the judgment of the appellee remained in full force and unreversed, and that said adjudication was a bar to the appellant's action.

It will be seen, from the allegations of this paragraph of the answer, that the appellee relied therein upon the facts, that the appellant had filed his claim with the appellee for allowance; that, upon a hearing of the claim, the

appellee, in its lawful and regular session, had rejected and refused to allow the same, and had entered judgment accordingly, of which the appellant had due notice, and that the appellee's judgment and action on said claim had not been appealed from, but remained in full force and unreversed, as an absolute bar to the appellant's action.

In section 10 of "An act to authorize and limit allowances by courts and boards," etc., approved May 27th, 1852, it is provided as follows :

" From all decisions for allowances other than those provided for in the preceding section, an appeal may be taken, within thirty days, to the circuit court, the party giving sufficient bond against costs, payable to such board. And if a claim be disallowed in whole or in part, the claimant may appeal ; or, at his option, bring an action against the county ; but if he shall not recover more on such appeal than is allowed, he shall pay the costs of such appeal." 1 R. S. 1876, p. 63.

It seems to us, that the appellant's action comes fairly within the provisions of said section 10, and that, as his claim was wholly disallowed, he had the option either to appeal from the decision, or to " bring an action against the county," the appellee, for the amount of his claim. This is in accordance with the construction heretofore given, by many decisions of this court, to the section cited of the statute. *The Board, etc., of Bartholomew County* v. *Wright*, 22 Ind. 187; *The Board, etc., of Bartholomew County* v. *Ford*, 27 Ind. 17; *The Board, etc., of Bartholomew County* v. *Boynton*, 27 Ind. 19; *The Commissioners of Morgan County* v. *Holman*, 34 Ind. 256; *The Board, etc., of Warren County* v. *Gregory*, 42 Ind. 32; and *Conner* v. *The Board, etc., of Franklin County*, 57 Ind. 15. Section 8, above quoted, of the statute prescribing the powers and duties of coroners, as we have construed it, authorized the employment of the appellant by the coroner of Bartholomew county, and ren-

dered the appellee liable for the reasonable value of the appellant's services. The appellee claims, that it alone was authorized to determine whether or not it would pay the appellant's claim for his services, and that its decision of the question was final. We fail to see the matter in this light. It seems to us, that the coroner of the county, in the discharge of his official duties, was authorized by law to employ the appellant to make the necessary analysis, and to render his county liable to the appellant for the reasonable value of his services ; and that the appellee can not escape such liability, by its mere refusal to allow the appellant's claim, even though such refusal should be in the form of a judgment.

It is said by the appellee's counsel, that section 10 of the act authorizing and limiting allowances, etc., above quoted, in so far as it authorizes a claimant, whose claim has been disallowed by the county board, to bring an action therefor against the county, is unconstitutional, because the provision is not properly connected with the subject-matter of the act, as expressed in its title. We do not think that the section, or any of its provisions, is so clearly in conflict with the requirements of the constitution, in this regard, as to authorize us to hold it unconstitutional and void. Indeed, it seems to us that the provision of section 10, objected to by appellee as unconstitutional, is very fairly and properly connected with the subject of the act, as the same is expressed in its title. Our conclusion is, that the court erred in overruling the appellant's demurrer to the third paragraph of the appellee's answer.

The second error assigned by the appellant is the decision of the court below in overruling his demurrer to the fourth paragraph of the appellee's answer. This fourth paragraph of answer was as follows :

"4th. The defendant, for further answer herein, says, that the said inquest was held by the said coroner in Bartholo-

mew county, Indiana, as averred in the complaint; but the defendant avers that the plaintiff did not attend the same, and was not present thereat, and never held or performed any *post mortem* examination over the body of said deceased; that, after a *post mortem* examination had been made of the body of said deceased, during which the stomach of said deceased was removed from her body, the said coroner, without authority of law, carried said stomach to the city of Indianapolis, in Marion county, Indiana, to the plaintiff, to be analyzed by him, and the same was analyzed by plaintiff at the said place of his residence, a distance of fifty-five miles from the place of said inquest, and said analysis is the only service rendered by the plaintiff, for which he is not authorized to recover."

We are clearly of the opinion that the facts alleged in this paragraph of answer were not a sufficient defence to the appellant's action. In the exercise of his official power and duty, the coroner of Bartholomew county had made a *post mortem* examination of the body of the decedent, and had removed therefrom the stomach of the deceased. It was suspected that the decedent had come to her death by means of poison, criminally administered to her by some one before her death. This fact, if it were the fact, it was the duty of the coroner to ascertain, if practicable; and it could only be ascertained with certainty by a chemical analysis of the stomach of the decedent. In the discharge of his duty the coroner was authorized by the statute, as we construe it, to employ such medical or surgical skill as might be necessary to enable him and his jury to arrive at the truth, in regard to the cause of the decedent's death, and to charge his county with the payment of the reasonable expense thereof. In the selection and employment of such necessary skill, as we have already said, we do not think that the coroner was necessarily confined to or by the territorial limits of Bartholomew county. He was

authorized, we think, in the discharge of his official duties, if he deemed it advisable, in the exercise of his discretion, to employ a physician at, and residing in, the City of Indianapolis, to make the necessary chemical analysis of the decedent's stomach; and, the appellant having been employed as such physician, it was certainly not unlawful, in our opinion, for the coroner to deliver the decedent's stomach to the appellant, at his laboratory in the City of Indianapolis, or in the analysis there of such stomach. The court clearly erred, we think, in overruling the appellant's demurrer to the fourth paragraph of the appellee's answer.

The court also overruled the appellant's demurrer to the fifth paragraph of the appellee's answer; and this decision is the third error assigned by the appellant, in this court. We set out this fifth paragraph, as follows:

"The defendant, for further answer herein, says, that the coroner of Bartholomew county, Indiana, held the inquest over the dead body of Mary Prather, as averred in the complaint; that the plaintiff did not attend said inquest, and did not hold a *post mortem* examination over the body of said deceased; that plaintiff was at said time a resident of the city of Indianapolis, in Marion county, Indiana, and was then in said Marion county, and not at any time within Bartholomew county; that plaintiff was then and at all times beyond the reach of any process that said coroner might lawfully issue, and no process was in fact at any time issued by said coroner against said plaintiff, requiring him to appear and render any service in said *post mortem* examination; that the only service rendered by the said plaintiff was the analysis of the stomach of said deceased, at the county of Marion, after the same had been removed from the body of deceased in a *post mortem* examination held by other and different persons, who were competent therefor, viz., Samuel M. Linton, and the same was trans-

ferred to plaintiff by said coroner in said Marion county. The said service was not compulsory, but the same was voluntary, though at the request of said coroner, for which no action can be sustained, and the disallowance thereof by the defendant was final."

From what we have already said in considering the sufficiency of the other paragraphs of the appellee's answer, it follows clearly, as it seems to us, that the facts stated in this fifth paragraph must be held insufficient to constitute a defence to the appellant's action. The only additional fact, alleged in this fifth paragraph, which was not stated substantially in the fourth paragraph of the answer, is the fact that there were competent persons to make the analysis of the decedent's stomach, in Bartholomew county, at the time the stomach was transferred by the coroner to the appellant, in Marion county. It seems to us, that this was an immaterial fact, which can not affect the appellee's liability to the appellant, for the reasonable value of his services in the premises. In the determination of the facts in relation to the death of the decedent, which facts the law made it the duty of the coroner to ascertain, if possible, he was authorized, we think, in the exercise of his discretion, to secure and employ such medical or surgical assistance as he might deem necessary to the ascertainment of such facts; and in the discharge of this duty, and in securing and employing such assistance, we do not think that he can or ought to be restricted or confined to the limits of his county. In our view of the matter, the court erred in overruling the appellant's demurrer to the fifth paragraph of the answer.

The fourth alleged error, complained of by the appellant, is the decision of the circuit court in sustaining the appellee's motion to strike out a part of the second paragraph of the complaint. Neither the motion nor the decision of the court thereon were made parts of the record

of this cause, by a proper bill of exceptions. This fourth error, therefore, is not found in the record, and presents no question for our decision.

The appellee has assigned one other cross error, complaining of the decision of the circuit court in sustaining the appellant's demurrer to the sixth paragraph of answer. This sixth paragraph reads as follows :

" The defendant, for further answer herein, says, that the said Mary Prather, on whose dead body said inquest was held, was at the time of her death, and for a long time prior thereto, a resident of Jackson county, in the State of Indiana; that she died in said Jackson county, at her home and residence therein, and was buried in Bartholomew county, Indiana, just over the county line ; that she at no time resided in said Bartholomew county, Indiana, but lived at all times, contracted her sickness, and died in said Jackson county, of all of which said coroner well knew ; that, if she died from any crime perpetrated, such crime was done and accomplished in said Jackson county, of which said coroner well knew; that she did not die within Bartholomew county, or of any crime committed therein ; that said coroner's inquest was instigated by the Michigan Mutual Life Insurance Company, a foreign corporation, resident of the State of Michigan, for its own private convenience and benefit, inasmuch as the life of said Mary Prather was insured in said company, and it was seeking for its own purposes to learn and ascertain some pretext on which to avoid the payment of said insurance policy, of which said coroner well knew; that said coroner of Bartholomew county had no authority to hold said inquest or to charge the expense thereof to defendant."

It is certain, we think, that the facts stated in this sixth paragraph of the answer were not sufficient to constitute a defence to the action. It is true that the duties of a coro-

ner, under the statute, are clearly limited thereby to the investigation of the causes of sudden or violent death, and the ascertainment, if possible, of the manner of such death, who, if any one, was guilty thereof, and the degree of guilt. These are the public duties of the coroner, which he is bound under the law to discharge, without fear or favor, in the interests of humanity and public justice. Private malice or private gain should never influence or actuate the coroner in the discharge of his high public duties; and the presumption is, and must be until the contrary has been made to appear, that duty alone, and neither malice nor gain, has prompted or instigated the coroner in making his public inquest into the manner and cause of sudden or violent death, who is guilty thereof, and the degree of guilt. The public at large, and the individual citizen, have the right, we think, to rely implicitly on this presumption, in dealing with the coroner in any matter connected with the proper discharge of his official duties. It can not be assumed that a coroner, in making a public inquest under the requirements of law, is influenced therein by improper motives, or actuated thereto by malice or revenge, or by any desire of gain. If, in this case, the inquest held by the coroner of Bartholomew county, over the remains of Mary Prather, was prompted by sinister motives, or was not held in the interests of humanity and public justice, or was, from any cause not clearly apparent on its face, an illegal or unauthorized inquest, it seems clear to us that these facts would not constitute a valid defence to the appellant's action, without an allegation that the appellant, at the time of his employment and the rendition of his services, had actual notice or knowledge of the existence of such facts. For the want of such an allegation therein, we are of the opinion that the court did not err in sustaining the appellant's demurrer to the sixth paragraph of the appellee's answer. We may properly add, in this connec-

tion, that, under the facts alleged in this sixth paragraph of answer, we think that the coroner of Bartholomew county was the proper coroner, under the statute, to hold an inquest on the body of Mary Prather, deceased, at the time such inquest appears to have been held.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to the third, fourth and fifth paragraphs of answer, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.