Board of Commissioners of Dearborn County v. Bond.

No. 10,473.

BOARD OF COMMISSIONERS OF DEARBORN COUNTY v. BOND.

CORONER.—*Post Mortem Examinations.*— *Employment of Physician.*—*County Commissioners.*—Incident to the coroner's duty to hold inquests is the power to select physicians to make *post mortem* examinations; and the county board has no right to control his choice, but must pay the physician whom he employs.

From the Dearborn Circuit Court.

*H. D. McMullen* and *D. T. Downey*, for appellant.
*O. F. Roberts*, for appellee.

BEST, C.—The appellee filed a claim before the commissioners of Dearborn county for services rendered by him as a physician at a *post mortem* examination held by the coroner of said county. The board refused to allow the claim, and, upon appeal to the circuit court, the appellant filed an answer. A demurrer was sustained to the answer, the cause tried, and a judgment was rendered for the amount of the claim. The assignments of error question the sufficiency of the complaint and the ruling upon the demurrer to the answer.

The claim filed before the board of commissioners was in these words:

"The county of Dearborn, Indiana, in account with R. C. Bond, M. D.   To *post mortem* examination of Henry Warner, Hogan township, in said county, November 6th, 1881, by order of Coroner Ratjen, $25.   This bill is correct.
                "C. J. B. RATJEN,
              "Coroner of Dearborn county."

The only objection urged to this claim is that it is not averred that the appellee was requested to perform these services by the appellant.   This was unnecessary.   The coroner was authorized to make the request, and upon performance of the services the county became liable to pay for them.   R. S. 1881, section 5879; *Stevens* v. *Board, etc.*, 46 Ind. 541.

The answer alleged that before the rendition of these services the board of commissioners had employed a physician for said township whose duty it was, and who was competent, to render such services; that, at the time the coroner required the appellee to attend such inquest, and at the time such services were rendered, both of them knew that a competent physician had been employed by the board of commissioners for such purpose, etc.

This answer constituted no defence.   The statute makes it the duty of the coroner to make all inquests.   For the purpose of ascertaining in what manner death was caused he is authorized to require a physician or surgeon to attend and make a *post mortem* examination, and for the service rendered, upon the certificate of the coroner, it is the duty of the board of commissioners to pay the same out of the county treasury. R. S. 1881, sections 5878 and 5879.

This duty is imposed upon the coroner, and for the purpose of enabling him to discharge it he is empowered to employ such means and to select such physician or surgeon as in his judgment will enable him to ascertain the cause of death. The duty thus imposed necessarily confers the authority to make his own selection in the faithful discharge of his duties, and, in this respect, he can not be superseded by the board of commissioners upon whom no such duty rests.   The fact

that he possesses the power to bind the county by such employment was expressly ruled in *Stevens* v. *Board, etc.,* 46 Ind. 541, and in *Jameson* v. *Board, etc.,* 64 Ind. 524, and, since he possesses the power, it must follow that the board of commissioners, upon whom no such duty rests, can not discharge the duty for him, nor exempt the county from liability by the employment of a physician to render such services as he may require. The answer was insufficient, and the demurrer properly sustained. There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.