The Board of Commissioners of Jay County *v.* Gillum.

Judgment reversed.

Filed Jan. 8, 1884.

———————◆———————

No. 10,932.

## THE BOARD OF COMMISSIONERS OF JAY COUNTY *v.* GILLUM.

COUNTY COMMISSIONERS.—*Statement of Claim.—Itemized Account.—Pleading.* —In presenting a claim to the board of commissioners for allowance, no formal complaint is necessary; but an itemized account, containing a statement of the items and dates, is sufficient.

COUNTY CORONER.—*Record of Proceedings.—Oral Evidence.*—The coroner of a county is not required by law to keep a record of his proceedings, and oral evidence is competent for the purpose of showing that he employed the plaintiff, as a physician, to make a *post mortem* examination of the body of an unknown child, found dead.

SAME.—*Certificate of Coroner.—Evidence.—Error.*—Where the certificate of the coroner is filed with the plaintiff's claim, as presented to the county board, there is no such error in the admission of the claim and certificate in evidence as will authorize the reversal of the judgment.

From the Jay Circuit Court.

*J. M. Haynes, J. W. Headington* and *J. J. M. LaFollette,* for appellant.

HOWK, C. J.—The appellee presented to the appellant, at its December term, 1882, for allowance and payment, his claim in the sum of $25, in the form of an account, "for services in making an autopsy on the body of an unknown child, done at the instance of the coroner of Jay county." The coroner certified the account to be correct and recommended its payment. The appellant allowed the appellee the sum of $5, and ordered "that the remainder of his claim be

disallowed." From this decision the appellee Gillum appealed to the circuit court of the county; and, upon a trial there had, the court found for the appellee in the sum of $25, and rendered judgment accordingly. Appellant's motion for a new trial having been overruled, and its exceptions saved to such ruling, it has appealed from the judgment below to this court.

The following decisions of the trial court are here assigned as errors by the appellant:

1. In overruling its motion to dismiss the case for want of a sufficient cause of action; and,

2. In overruling its motion for a new trial.

The appellee's cause of action was sufficient. In cases originating before a board of county commissioners, no formal complaint is necessary. A statement of indebtedness, in the form of an account, is sufficient. *Board, etc.*, v. *Wood*, 35 Ind. 70; *Board, etc.*, v. *Shrader*, 36 Ind. 87; *Jameson* v. *Board, etc.*, 64 Ind. 524; *Board, etc.*, v. *Loeb*, 68 Ind. 29; *Board, etc.*, v. *Adams*, 76 Ind. 504. In support of their position, that the appellee's cause of action is insufficient, appellant's counsel cite and rely upon *Board, etc.*, v. *Hon*, 87 Ind. 356; but the case cited, in so far as it is in conflict with the previous decisions of this court upon the point under consideration, was expressly overruled in the later case of *Board, etc.*, v. *Ritter*, 90 Ind. 362.

The motion to dismiss this case, therefore, was correctly overruled.

In discussing the alleged error of the court in overruling the motion for a new trial, appellant's counsel first direct our attention to the third cause assigned for such new trial, namely: " Error of the court during the trial in permitting the plaintiff, over the objection of the defendant, to ask the witness James Gillum the following question: 'State if you employed any one to make the *post mortem* examination, and, if so, who it was?' and in permitting the witness, over the defendant's objection, to answer such questions as follows: 'I

employed my son Douglass Gillum to make the *post mortem* examination.'" Upon this alleged error of the court, in their brief of this cause, the appellant's counsel say: "The statute requires the coroner to certify such service, as the appellee's, to the board of commissioners (section 5879, R. S. 1881); and we think it requires him to keep all of his proceedings in writing, and to file such writing in the clerk's office. See sections 5880, 5881 and 5882, R. S. 1881. And parol testimony is not admissible to prove the service or the employment, except in case of the loss or destruction of the writing. If the coroner had not filed with the board of commissioners his certificate as required by section 5879, R. S. 1881, the appellee was not entitled to recover; and, if he had, the certificate must speak for itself, and parol testimony would not be admissible to prove the facts that should be contained in such certificate, unless the certificate was lost or destroyed and its absence accounted for." If we understand correctly the appellant's objections to the question asked, and the answer of the witness set out above in the third cause for a new trial, we are of opinion that the objections were not well taken, and were properly overruled. Appellant's counsel assume, as the basis of their argument, that the county coroner is required by law to keep a complete record of all his proceedings, and that his official acts are provable only by such record, or a copy thereof. This assumption is not authorized, however, by the sections of the statute cited by counsel, nor by any other statutory provision of which we are informed,

If the fact existed that the coroner of Jay county, in the discharge of his official duty, employed the appellee, as a physician, to make a *post mortem* examination of the body of an unknown child, found dead, it is certain that such fact existed whether any record or written memorandum thereof was or was not made by such coroner. The existence of such fact was provable, as it seems to us, by the parol testi-

mony of any witness who had knowledge of such fact. It is apparent from the question propounded to the witness, that the appellee was not seeking thereby to prove the contents of any record or other writing. The question and the answer were alike unobjectionable.

Appellant's counsel also insist that the court erred in admitting in evidence the appellee's claim, and the coroner's certificate that it was correct and recommending its payment. There was no error in the admission of this evidence. *Stevens* v. *Board, etc.,* 46 Ind. 541; *Jameson* v. *Board, etc., supra; Board, etc.,* v. *Bond,* 88 Ind. 102; *Board, etc.,* v. *Ritter, supra.*

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed Jan. 3, 1884.