No. 12,152.

THE BOARD OF COMMISSIONERS OF HOWARD COUNTY
v. JENNINGS.

COUNTY COMMISSIONERS.—*Statement of Claim.*—*Evidence.*—In presenting a claim to a board of commissioners for allowance, no formal complaint is necessary; all that is required is a detailed statement of the items

and dates of charge, under which all the evidence necessary to show the liability of the county is admissible.

SAME.—*Township Trustee.*—*Temporary Relief of Non-Resident.*—Section 6089, R. S. 1881, makes it the duty of the township trustee, as overseer of the poor, on receiving information that any person, not an inhabitant of the township, is sick or in distress and without friends or money, and likely to suffer, to examine into the case and grant such temporary relief as the nature of the case may require, and of the county commissioners, if claims for such services are reasonable, to allow and order them paid; and the fact that such person is being cared for when the trustee is made aware of the necessities of the case, will ·not prevent the trustee from recognizing past services and providing for future needed care.

SAME.—*Voluntary Services.*—Services rendered to a person in need of temporary relief, with the knowledge and consent of the township trustee who agreed to assist in making out a bill for such services, to be presented to the county commissioners, are not voluntary services, but under the direction of the trustee.

From the Howard Circuit Court.

*M. Garrigus,* for appellant.

*C. E. Hendry* and *D. A. Woods,* for appellee.

MITCHELL, J.—At the December term, 1883, Margaret E. Jennings presented a claim to the board of commissioners of Howard county. She asked to be allowed for seven weeks' board, and for services in caring for Grant Davis. Her claim was disallowed by the board, and upon appeal to the circuit court it was amended, and was then stated as follows:

"*Howard County, Indiana, To Margaret E. Jennings, Dr.*
" For boarding, nursing and washing for Grant Davis, a person unable to sustain himself, from October 18th, 1883, to December 6th, 1883, being 7 weeks, while he was under treatment for fracture of the left leg and ankle, at $10 per week . . . . . . . . . . . . $70
" To 2 weeks' board, from December 6th, 1883, to December 20th, 1883, at $5 per week . . . . . . . 10

$80."

The claim was duly verified, and the township trustee of Liberty township certified that the time charged for was correct.

A demurrer was filed to the claim as amended, and there was also a motion to strike it out. Both the demurrer and motion were overruled, and it is now argued that these rulings were erroneous.

Counsel contends that the claim states no cause of action against the county, and he assigns as reasons: 1. That it does not appear that the overseer of the poor contracted with Mrs. Jennings to board and care for Grant Davis. 2. That it is not stated that Davis was an indigent person, lawfully settled in Howard county. 3. That the statement of the claim is too indefinite.

It is also argued that it appears, or may be inferred, from the statement of the claim, that the services were voluntarily performed, and that, in consequence, no appeal lies from the order of the board refusing to allow it.

In the case of *Board, etc.*, v. *Ritter*, 90 Ind. 362, the requisites of a complaint in a cause originating before a board of commissioners were fully considered, and the ruling there, as in many other cases, is, that no formal complaint is necessary; all that is required is a detailed statement of the items and dates of charge. Upon such a statement, all the evidence necessary to show the liability of the county is admissible. *Board, etc.*, v. *Armstrong*, 91 Ind. 528; *Board, etc.*, v. *Gillum*, 92 Ind. 511; *Board, etc.*, v. *Emmerson*, 95 Ind. 579.

The account filed was sufficiently formal and definite, and the demurrer and motion upon which error is predicated were properly overruled.

Upon the evidence, the court found in favor of the claimant, and gave judgment against the county for sixty-seven dollars. It is insisted that the evidence does not sustain the finding.

It appeared that Grant Davis, a boy about eighteen years old, resided at Elwood, in Madison county. In October, 1883, while engaged at work for Mr. Jennings, in Howard county, he was in some way caught by a belt in a mill and severely hurt. He sustained, among other injuries, a compound frac-

The Board of Commissioners of Howard County v. Jennings.

ture of the leg. Being without means, and, so far as appears, without friends who were able to care for him, and too severely hurt to be moved any distance, he was taken to the house of Mr. Jennings, where he was confined to his bed, unable to help himself, for about seven weeks. After that he was confined to the house for about two weeks more. Mrs. Jennings and her daughter, during all this time, gave him such nursing, care and attention as his condition required. It is admitted of record that the amount claimed is reasonable.

It was clearly proved that the boy was without means, and no friends except Mrs. Jennings and her family appeared to help him or care for him.

Shortly after the injury, Mr. Jennings, at the request of his wife, saw the township trustee, and inquired of him what should be done in reference to the boy. The trustee gave no answer, but said he would see about it. Soon after, the trustee told him that the only way to do was to "lay in a bill to the county commissioners," and that the commissioners would make her an allowance, that he would certify to the correctness of the amount of services—that he would certify to the bill.

The trustee himself testified that when the injury occurred he was away from home, and did not return for some days. Shortly after his return Mr. Jennings asked how he would be paid for taking care of the boy. "I said that if the boy had nothing, no means of his own, to come down and I would assist him in making out a bill; that the allowance would have to be made by the county commissioners."

The trustee testified further that he did not ask Mr. Jennings to keep the boy, but he gave as a reason that he saw him there, and that he was not in a condition to be moved. It seems to have been assumed by the trustee that the boy would be kept and cared for by the Jennings family; and we think that from all that was said by the official they had a right to assume that their keeping him was authorized by the trustee, and that they would be paid for it.

We think, therefore, that upon the evidence the court below may well have found, as it unquestionably did, that the services were not voluntarily performed, but that they were performed under the direction of the township trustee.

That the home of the unfortunate lad was in Madison county was no impediment in the way of a trustee in Howard affording him temporary relief. Section 6089, R. S. 1881, made it the duty of the trustee, as overseer of the poor, upon receiving information that any person not an inhabitant of the township was sick or in distress, and without friends or money, and likely to suffer, to examine into the case and grant such temporary relief as the nature of the case might require. That Mrs. Jennings had received the boy into her house, and was kindly caring for him when the trustee was made aware of the necessities of the case, did not prevent him from recognizing what she had done, and providing for future needed care.

We think, under the section of the statute above referred to, the township trustee was authorized to grant temporary relief, and that under the same section it was the duty of the board of commissioners of Howard county to examine the claim, and if found reasonable allow and order the claim paid. *Board, etc.,* v. *Rogers,* 17 Ind. 341; *Board, etc.,* v. *Wright,* 22 Ind. 187.

For services rendered in like cases, without the authority or direction of the township trustee, counties are not liable; but when, as in this case, such services are properly authorized, there should be no hesitancy in paying what they are reasonably worth.

That the judgment for costs was made collectible without relief may have been erroneous, but as there was no motion below to correct it, the error is not available here.

Judgment affirmed, with costs.

Filed Nov. 24, 1885.