No. 13,053.

THE BOARD OF COMMISSIONERS OF DUBOIS COUNTY *v.* WERTZ.

PLEADING.—*Claim Against County.*—*Formal Complaint Not Necessary.*—In presenting a claim against a county for allowance by the board of commissioners, no formal complaint is necessary; but a detailed statement of the items charged for, with the dates when necessary to their identification, is all that is required.

INQUEST.—*Absence of Coroner.*—*Emergency.*—*Justice of Peace May Act.*—*Statute Construed.*—Where there is an emergency for holding an inquest over a dead body, and the coroner is, from any cause, so far out of the way as to be unable to reach the body and hold the inquest within a reasonable time, a justice of the peace of the county may hold it and perform all the duties of a coroner in connection therewith. Section 5888, R. S. 1881, construed.

SAME.—*Post-Mortem Examination.*—*Compensation of Surgeon.*—*Charge Against County.*—A surgeon who, at the request of a justice of the peace, acting as coroner, makes a *post-mortem* examination of the body of a person whose death resulted from violence, is entitled to receive compensation for his services out of the county treasury.

SAME.—*Estate of Deceased.*—*Rights of Widow.*—*Expenses of Inquest.*—Where no money or other valuables are found upon the body of the deceased, and he leaves an estate of less value than five hundred dollars, the statutory claim of the widow to the estate is superior to that of the county for the payment of the expenses of the inquest.

SAME.—*Repeal of Statute.*—The statute appearing in the Revised Statutes of 1881 as section 5892 was repealed by the fee and salary act of 1875, and should not have been included in the revision.

From the Dubois Circuit Court.

*O. A. Trippet,* for appellant.

*W. A. Traylor* and *W. S. Hunter,* for appellee.

NIBLACK, J.—The proceedings complained of in this case were based upon an account filed against the county of Dubois by Toliver Wertz for making a *post-mortem* examination of the body of John E. Gardner, a person who had come to his death by violence, at the request of a justice of the peace, who was at the time acting, or assuming to act, as coroner of the county.

The board of commissioners rejected the claim. Wertz appealed to the circuit court, where a demurrer was first overruled to the complaint, and where there was a special finding of the facts as disclosed by the evidence. Upon the facts as thus found, the circuit court came to the conclusion that Wertz was entitled to an allowance against the county for the sum of twenty dollars, and rendered judgment accordingly. Questions were reserved, and are presented here, upon the sufficiency of the complaint, and upon the conclusion of law arrived at, as above, by the circuit court. The complaint, so called, consisted of an account simply charging that Dubois county was indebted to Wertz in the sum of twenty dollars for making a *post-mortem* examination of John E. Gardner by direction of Michael A. Sweeney, acting as coroner, on the 2d day of June, 1885.

We have frequently held in general terms, that, in presenting a claim against a county for allowance by the board of commissioners, no formal complaint is necessary; that a detailed statement of the items charged for, with the dates, when necessary to their proper identification, is all that is required. On that subject reference is made to the cases of *Board, etc.,* v. *Jennings,* 104 Ind. 108, and the other cases there cited, and *Stout* v. *Board, etc.,* 107 Ind. 343. Under the rule of practice thus recognized, the complaint in this case was sufficient.

Briefly stated, the circuit court specially found that, on the evening of the 1st day of June, 1885, one John E. Gardner, who was at the time acting as deputy sheriff of the county of Dubois, in an effort to arrest certain parties charged with crime, was shot by the parties so charged and thereby mortally wounded, from the effects of which shooting he died next morning at about four o'clock, at the town of Jasper, in said county; that, at the time of the death of Gardner, Maurice Fritz, the coroner of said county, resided at a distance of twelve miles from said town of Jasper, and as decomposition of Gardner's body had already set in, and

as no one volunteered his services to go for and notify the coroner, and as decomposition had so far advanced as to make the body offensive, and as to render an immediate inquest, if one should be held, necessary, one Michael A. Sweeney, a justice of the peace of said town of Jasper, proceeded, between eight and nine o'clock of the morning on which Gardner died, to hold an inquest upon the body in the absence of the coroner; that it was necessary to have a *post-mortem* examination to ascertain the cause and effect of the gun-shot wounds found in the body of the deceased; that the said Sweeney, while so acting as coroner, caused Wertz, who was a practicing physician and surgeon of said town in good standing, to be summoned before him, and required him, the said Wertz, to make a *post-mortem* examination of the body for the purpose stated, which he accordingly at once made; that the services thus rendered by Wertz were worth more than twenty dollars, and were, under the circumstances, appropriate and necessary services; that Gardner was, at the time of his death, a resident of the town of Jasper, and left an estate worth less than one hundred and fifty dollars, which was, by order of the proper court, set off to his widow without administration upon it; that the said Sweeney, as the acting coroner, certified the services of the said Wertz to the board of commissioners of the county on the 2d day of June, 1885, the day on which they were rendered; that Wertz had not received any pay for his services from any source; that at the time the inquest was held Fritz, the coroner, was at his home, twelve miles away, and might have attended and held the inquest if he had been notified in time, but to have so notified him and procured his attendance would have caused at least one-half day's additional delay.

Section 5878, R. S. 1881, is as follows: " Every coroner, as soon as he shall be notified that the dead body of any person supposed to have come to his death by violence or casualty is within his county, shall immediately proceed to in-

quire, upon view of the body, how and in what manner he came to his death."

Section 5879, continuing, provides that "All persons desirous of being heard shall be examined as witnesses; and the coroner may cause witnesses to be summoned by subpœna (issued by him, and served by a constable), who shall answer all questions asked them, on oath, touching such death. When a surgeon or physician is required to attend such inquest and make a *post-mortem* examination, the coroner shall certify such service to the board of county commissioners, who shall order the same paid out of the county treasury."

Section 5888 further provides that "In every case where the coroner shall be absent from the county or unable to attend, any justice of the peace of the proper county may hold an inquest over any dead body, and shall proceed in all respects as coroners are directed to do by the foregoing provisions; and shall, in all cases, be governed by the provisions and subject to the penalties of this act."

The first point made in support of the objection that the conclusion of law arrived at by the circuit court was not sustained by the finding of the facts is, that it was not made to appear that Fritz, the coroner, was unable to attend and hold an inquest over Gardner's body, within the meaning of section 5888, above set out, and that hence Sweeney had no power either to hold an inquest or to require Wertz to make a *post-mortem* examination of the body, as he assumed to do.

In respect to the provision of section 5888 referred to, we construe it as meaning that, when there is an emergency for holding an inquest over a dead body, and the coroner is, from any cause, so far out of the way as to be unable to reach the body, and to hold an inquest upon it, within a reasonable time, in view of the general condition of affairs attending the emergency, a justice of the peace of the proper county is

authorized to hold the inquest, and to perform all the duties of a coroner in connection with it. This construction is seemingly in harmony with, and receives a general support from, the case of *Stevens* v. *Board, etc.*, 46 Ind. 541.

The next objection to the sufficiency of the facts, as found, to sustain the claim is, that, construing sections 5879, 5882 and 5892 together, the services of Wertz primarily constitute a demand against the estate left by Gardner, and only a contingent claim against the county.

Under section 5882 it is only where money and other valuable things are found with the dead body that the property of the decedent may be appropriated to the payment of the expenses of the inquest, and in this case it was not shown that any money or other valuables were found with the body of Gardner, and the fair inference from all the facts, as set forth in the special finding, is that nothing of the kind was found with the body. Besides, as it was shown that Gardner left a widow, and an estate of less value than $500, which had been, presumably by proper proceedings, set off to the widow under the provisions of sections 2419, 2420, 2421 and 2422, R. S. 1881, we regard her claim to the estate as superior to that of the county for the payment of the expenses of the inquest. This is plainly inferable from section 2422, *supra*.

As to section 5892, it need only be stated that we held, in the case of *Pfaff* v. *State, ex rel.*, 94 Ind. 529, that it had been repealed by the fee and salary act, approved March 12th, 1875, and hence ought not to have been included in the Revised Statutes of 1881, and we still adhere to the conclusion then reached.

It follows that Sweeney had authority to require Wertz to make a *post-mortem* examination of the body of Gardner, and that from the facts, as found by the circuit court, Wertz became entitled to receive compensation for his services out of the county treasury. *Jameson* v. *Board, etc.*, 64 Ind. 524;

*State, ex rel.*, v. *Board, etc.*, 85 Ind. 489; *Board, etc.*, v. *Jameson*, 86 Ind. 154; *Board, etc.*, v. *Bond*, 88 Ind. 102; *Board, etc.*, v. *Gillum*, 92 Ind. 511.

The judgment is affirmed, with costs.

