No. 15,182.

LANG v. THE BOARD OF COMMISSIONERS OF PERRY COUNTY.

CORONER.—*Post-Mortem Examination.*—*Physician.*—*Compensation.*—A physician employed by the county to treat the poor of the asylum when sick, is entitled to recover for the value of his services rendered at the request of the county coroner in making a post-mortem examination of the body of one of the dead paupers who has come to his death by casualty.

From the Perry Circuit Court.

*E. E. Drumb,* for appellant.

*W. A. Land,* for appellee.

OLDS, J.—The appellant filed his claim before the board of commissioners of Perry county for services as a physician in making a post-mortem examination of the dead body of one Joseph Warren, at the request and by the direction of the coroner of said county.

The claim was disallowed by the board, and appellant appealed to the circuit court. In the circuit court the cause was submitted to the court for trial without the intervention of a jury, which trial resulted in a finding and judgment for the defendant. The plaintiff filed a motion for a new trial. The court overruled the motion, and an exception was taken to the ruling. The appellant appealed from the judgment, and assigns the ruling of the court on the motion for a new trial as error.

The question presented is as to the sufficiency of the evidence to support the verdict.

The uncontroverted evidence shows that Joseph Warren came to his death by casualty, and was found dead in a cistern. The coroner was notified, and held an inquest, and required the appellant, Lang, who is a physician, to make a post-mortem examination. He made the post-mortem examination, as required, and testified as a witness before the

Lang *v.* The Board of Commissioners of Perry County.

coroner as to the facts revealed by such examination, and the cause of the death of Warren, and that his services were of some value. The witnesses testifying as to the value of the services placed them at from $5 to $25. The testimony also showed that at the time the appellant made such examination he was the county physician, employed by the county to treat the poor of the county who were inmates of the asylum. The claim of the appellant for making such post-mortem examination was properly certified by the coroner to the board of commissioners.

There was no evidence given in the case tending to controvert any of the foregoing facts, and on the foregoing facts, which were proven and not controverted, the appellant was entitled to recover for the value of his services.

The fact that he was at the time employed by the county to treat the poor of the asylum would not prevent his recovery for making a post-mortem examination of the body of one of the dead paupers who had come to his death by casualty, when required to do so by the coroner.

The making of the post-mortem examination was no part of his duty under a contract with the county to treat the poor when sick.

The county is liable for the services of a physician in making a post-mortem examination when such services are required by the coroner of the county. *Stevens* v. *Board, etc.,* 46 Ind. 541; *Jameson* v. *Board, etc.,* 64 Ind. 524; *Board, etc.,* v. *Jameson,* 86 Ind. 154; *Board, etc.,* v. *Bond,* 88 Ind. 102; *Board, etc.,* v. *Gillum,* 92 Ind. 511; *Board, etc.,* v. *Wertz,* 112 Ind. 268.

The court erred in overruling the motion for a new trial.

Judgment reversed, at the costs of the appellee, with instructions to the court below to sustain the motion for a new trial.

Filed Nov. 5, 1889.