THE BOARD OF COMMISSIONERS OF BARTHOLOMEW COUNTY v. FORD.

SUIT AGAINST COUNTY.—PAUPERS.—The statute does not require that a claim against the county for medical services rendered to the out-door poor, upon the employment of a township trustee, shall first be presented to the board of commissioners, and proof offered that would justify its allowance, before suit can be brought upon it. Suit may be brought in the first instance, at the option of the claimant.

BILL OF PARTICULARS.—PRACTICE.—If a bill of particulars is indefinite, the objection should be taken by a motion to require it to be made certain.

APPEAL from the *Bartholomew* Circuit Court.

FRAZER, J.—*Ford* sued the appellant for medicines furnished and medical services rendered upon the employment of a township trustee. The complaint contained six paragraphs. The first, (the others are in the same form,) is as follows:

1. The plaintiff, *John H. Ford*, complains of the defendant, the Board of Commissioners of *Bartholomew* county, and says that said defendant is indebted to him in the sum of $106, for medicines furnished and medical services and attention rendered to *Elias Gee*, at the instance and request, and under the direction, of *John Doup*, trustee of *Columbus* township, in said county, from *March* 12, 1866, to *May* 10, 1866; that during the time of the furnishing of said medicines and rendering said services, said *Gee* was a *bona fide* inhabitant and resident of said *Columbus* township, and was a pauper and a temporary charge upon said county, and was not in the poor house or jail of said county, and there was no physician whose duty it was to attend upon the poor of said county, not in the poor house or jail, during any of said time. A bill of particulars of said indebtedness is filed herewith, and made a part hereof. Said bill was duly filed with and presented to said board for allowance and payment, at the *June* term, 1866, but they refused to allow the same, and it still remains due and unpaid."

The appellant demurred to each paragraph of the complaint, alleging: 1. The want of sufficient facts. 2. That the Court of Common Pleas had no jurisdiction of the cause of action. These demurrers were overruled, and the questions raised by them are for the consideration of this court. The same questions are also otherwise presented by the record, but it is unnecessary to state it further.

The objections to the complaint all rest upon the proposition that the defendant could not be sued until the claim had first been presented to the board of commissioners, when in session, and such proof there made as would have authorized that tribunal, under the statute, (1 G. & H., § 24, p. 252,) to have allowed it. The statute cited in support of this proposition does not, in our opinion, sustain it. 1 G. & H., § 10, p. 65, is the statute alluded to. It is not restrictive in any sense, and takes away no right of action which would otherwise exist. It merely provides that if a claim be disallowed by the board, the claimant may either appeal from the decision; or, at his option, bring an action against the county. This leads us to inquire what would be the right of the claimant at common law. In the present case, another provision of the statute fixes the liability to pay in such a case, though without a contract it would not exist. 1 G. & H., § 8, p. 64. The trustee, in his capacity of overseer of the poor, has authority to make the contract. How is this liability to be enforced? The legislature has not thought proper to enact that the claim must be presented for allowance to the board, and duly proved there, so that the board can lawfully allow it, before an ordinary action can be maintained upon it. If such legislation be even desirable, it is not within the scope of judicial power to supply it. Our powers are not legislative, indeed we are prohibited from entering upon that field of action at all.

The appellant is a corporation created by law for the purposes of municipal government. Where there is no legislative restriction or limitation inconsistent therewith, the liability to be sued is an inherent attribute of a corpora-

·tion. Inasmuch as there is no such restriction here, it would seem inevitably to result that the plaintiff might bring his suit in the first instance, and that if he chose, antecedent thereto, to present his claim to the corporation itself for allowance, his right of recovery would not be subject to the condition of proving, not only his case, but also that he had previously proved it when the claim was pending before the board. If such proof be unnecessary, it is likewise unnecessary to aver such facts.

It is objected to two of the paragraphs, that the bills of particulars accompanying them do not disclose the christian names of the paupers to whom the medicines and services were rendered. We need only say, that if the bills of particulars were not sufficiently definite, in that respect, to enable the defendant advisedly to prepare a defense, the remedy was not by a demurrer, but by a motion to require a more definite bill of particulars.

The judgment is affirmed, with costs.

*F. T. Hord,* for appellant.

*W. Herod* and *W. W. Herod,* for appellee.