THE COMMISSIONERS OF MORGAN COUNTY *v.* HOLMAN and Another.

PLEADING.— *Abatement.* — *Another Action Pending.* —In a suit against the board of county commissioners for medical services rendered by the plaintiff to the poor of a certain township upon the employment of the township trustee, an answer setting up the fact that the plaintiff has presented said claim to said board for allowance and has appealed from the decision of the board thereon, and that the appeal is still pending, must show the perfecting of such appeal according to the statute. Such an answer, and also an answer that said claim has been presented by the plaintiff to said board for allowance and is still pending before the board, are answers in abatement, and must be verified by affidavit.

POOR.—Where medical services are rendered by a physican to persons as poor persons of a township in pursuance of an employment by the proper township trustee, such employment, in the absence of fraud or collusion, is conclusive in a suit to enforce the collection of the claim against the county for such services, without regard to the question whether such persons were properly entitled to such services under the poor laws or not.

APPEAL from the Morgan Common Pleas.

DOWNEY, J.—It is alleged by the appellant that the common pleas erred in this case in the following respects: first, in sustaining demurrers to appellant's answer; second, in excluding from the jury evidence offered by the appellant; third, in its instructions to the jury to which appellant excepted; fourth, in refusing instructions asked by the appellant; and, fifth, in refusing to grant a new trial on his application.

The action was brought by the appellees against the appellants to recover for professional services, medical treatment, and medicines, for the poor of the county, alleged to have been rendered at the request and with the approval of the trustees and overseers of the poor in a certain township in the county. The complaint alleges that the claim had been presented to the board, and that they had refused to allow it. An account of the services, &c., rendered was filed with the complaint.

The defendant answered, first, a general denial; second,

The Commissioners of Morgan Co. *v*. Holman and Another.

that the plaintiffs had filed their claim before the commissioners, and that the same remained pending, until at the term in December, 1868, when the board allowed them ninety dollars, as shown by a copy of the record filed with the answer; that they appealed to the circuit court and gave an appeal bond, which was approved by the auditor; wherefore they say the matter was still pending and undetermined in the circuit court; third, that the persons for whom the services were rendered were not, nor was any of them, entitled to relief under the poor laws, were duly settled in the township, were not without friends or money, of which the plaintiffs had notice; and that the defendant during all the time kept a poor asylum for the accommodation of all poor persons of the county of which the plaintiffs had notice; fourth, that as to the claim for services rendered and articles furnished for one of the persons named, the same was filed for allowance before the commissioners, and which, by continuance, was still pending before them and undecided.

Demurrers were filed and sustained to the second, third, and fourth paragraphs of answer, and the questions reserved by exception.

Thereupon there was a trial by jury; verdict for the plaintiffs; a motion for a new trial, because:

1. The verdict of the jury was contrary to the evidence.

2. The verdict was contrary to law.

3. Error in excluding evidence offered by the defendant as shown by the exception.

4. The refusal of the court to instruct the jury as requested by defendant.

This motion was overruled, and the defendant excepted. Final judgment was then rendered for the plaintiffs, from which the defendant appeals to this court. The evidence is all in the record by bill of exceptions.

The first question is as to the sufficiency of the paragraphs of the answer to which demurrers were sustained. It is decided in *The Board of Comm'rs of Bartholomew Co. v. Ford*,

27 Ind. 17, that it is not necessary in a case like this for the claimant first to present his claim to the board, but that he may sue on it in the first instance. But the question is made in this case, can the party, when he has elected to go before the commissioners with his claim and submit it for their decision, sue on it while it is pending before the board, or on an appeal from their decision?

But we think the second paragraph does not show that the appeal was perfected by the making out of a transcript, and filing it, with the original papers, in the office of the clerk of the circuit court as required by law. 1 G. & H. 253, secs. 32, 33, and 34. For aught that appears, the claimants, after filing the bond, may have concluded not to perfect the appeal. That part of the answer which says, "wherefore they say that the matters are pending in the circuit court," is not an allegation of fact, but is only the statement of the conclusion of the pleader drawn from the facts previously alleged. But this paragraph and also the fourth paragraph were answers in abatement. They set up, or attempt to set up, the pendency of the claims in the other proceedings in abatement of this action. They should, as such, have been verified. *The Indianapolis, &c., R. R. Co.* v. *Summers*, 28 Ind. 521.

The third paragraph contains nothing material not in the general denial, and the sustaining of the demurrer to it was not error.

The instructions present the question whether the employment of the physicians to treat the persons mentioned, and to furnish them with medicines, by the proper township trustee, in the absence of fraud or collusion, is conclusive, in a proceeding to enforce the collection of the claim against the county. The common pleas so directed the jury, and we think the instruction was correct.

The court told the jury that the services, &c., must have been rendered in pursuance of an employment by the proper township trustee; and that if they should find that such services or medicines, or any part of them were performed or

furnished without any prior contract on the part of the trustee, then there could be no recovery for such services. This proposition, coupled with another, was asked by the defendant, as a charge to the jury, and must be conceded to be correct.

The other proposition which was asked by the defendant, coupled with this, was, that it was necessary, in order to enable the plaintiffs to recover, that it should be shown by a preponderance of evidence that the persons, and each of them, to whom they rendered services or furnished articles, were paupers, or persons who were at the time under the poor laws of the State entitled to temporary relief as poor persons, &c. We think this branch of the instruction was correctly refused. The question as to the necessities of the persons relieved is a matter for the determination of the trustee, and we think if the people call competent and faithful persons to the discharge of the duties of this office, there will be little cause of complaint under this rule. Should there be connivance or fraud between the trustee and the claimant, this, of course, would present a different question.

The evidence which it is alleged was offered by the defendant and improperly excluded by the court, was the order of the board of commissioners allowing ninety dollars of the plaintiffs' claim. There was no error in excluding this. The plaintiffs were not bound by the action of the board in not allowing the full amount of their claim, or in allowing part of it. 1 G. & H. 65, sec. 10. And in addition to this, there was no answer in under which the evidence was admissible.

The new trial was properly refused. The case seems to have been quite well made out by the evidence.

Judgment affirmed, with five per cent. damages and costs.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*C. F. McNutt, G. W. Grubbs*, and *W. A. Montgomery*, for appellees.