CONNER v. THE BOARD OF COMM'RS OF FRANKLIN COUNTY.

PAUPER.—*Medical Attendance Upon.*—*Physician.*—*Liability of County.*—*Township Trustee.*—Where no physician to attend upon the paupers of a county has been employed by its board of commissioners, or where, one having been so employed, he has abandoned such employment, the trustee of a civil

township may employ a physician to attend upon paupers of his township requiring medical treatment, and the county is liable to such physician for the value of services rendered by him under such employment.

From the Franklin Circuit Court.

*J. R. McMahan, T. H. Smith* and *F. Berry,* for appellant.

*F. S. Swift,* for appellee.

HOWK, J.—Appellant, as plaintiff, sued the appellee, as defendant, in the court below.

Appellant's complaint was in two paragraphs, to each of which paragraphs the appellee demurred, upon the ground that the facts stated therein were not sufficient to constitute a cause of action.   These demurrers were sustained by the court below, and to these decisions the appellant excepted, and judgment was rendered on the demurrers, for the appellee.

The appellant has assigned in this court, as alleged errors, the decisions of the court below, in sustaining appellee's demurrers to each paragraph of his complaint.   As these alleged errors call in question the sufficiency of the complaint, we will summarize, as briefly as we can, the facts stated in each paragraph.

In the first paragraph of his complaint, the appellant alleged, in substance, that he was, and had been for the last twenty years, a practising physician of Franklin county, Indiana; that the appellee was indebted to him in the sum of fifty-three dollars and fifty cents, for medicines furnished, and medical attention and services rendered, to certain persons named, at the instance and request, and under the direction and employment, of the trustee of Metamora township, in said county; that, at and during the time of furnishing said medicines and rendering said services, and at the date of the employment of the appellant by said trustee, the said persons named were paupers and a temporary charge upon said county, and *bona fide* residents and inhabitants of and in said Meta-

mora township; that during all of said time there was no physician in said county whose duty it was to attend on, and afford relief to, the paupers of said township, outside of the poor-house and jail of said county, and none of the paupers named were in the poor-house or jail of said county, during the time of appellant's attendance on them; a bill of particulars of said indebtedness was filed with and made part of the complaint; that said bill was duly presented to appellee, at its September term, 1875, for allowance and payment, but that appellee refused to allow and pay the same; and that said bill was then due and unpaid; wherefore, etc.

The second paragraph of the appellant's complaint contained all the allegations of the first paragraph, except the allegation that the bill had been presented to the appellee for payment, with the following additional averments: "That the physician, who had been employed by said board to attend on the paupers of said township, during said time, had left said county and abandoned his contract with said board to care and attend on the paupers of said township, and refused to perform said duty; and that there was no other physician or person whose duty it was to attend on and afford relief to the paupers of said township, who were not inmates of the poor-house or jail of said county."

A single question is presented for our consideration by the record of this cause, which question may be thus stated: Under the facts stated in either paragraph of appellant's complaint, was the trustee of Metamora township authorized by law to employ the appellant to attend as a physician on the paupers of said township, so as to render the appellee liable to the appellant for the payment of his services under such employment? We think this question must be answered in the affirmative, upon the facts stated in each paragraph of the complaint. The township trustee is by law the overseer of the poor

of his township. 1 R. S. 1876, p. 676, sec. 1. He is required to see that all poor persons in his township " are properly relieved and taken care of in the manner required by law." 1 R. S. 1876, p. 677, sec. 6. If the board of commissioners of his county fails to contract with a physician to attend upon the poor of his township, as is alleged in the first paragraph of appellant's complaint, the law contemplates that the township trustee, as the overseer of the poor of his township, shall employ such medical or surgical services as the paupers within his township may require. 1 R. S. 1876, p. 63, sec. 8. The spirit and intention of the legislation of this State, on this subject, seem to require that the paupers of each county shall, in any event, receive necessary medical or surgical attention, at the expense of the county. The county board may " contract with physicians to attend upon the poor generally in the county," and, in case of such contract, the law provides, that " no claim of a physician or surgeon for such services shall be allowed by such board except in pursuance of the terms of such contract." Sec. 8, *supra.* But it is expressly provided, in the same section, that it " shall not be so construed as to prevent the overseers of the poor or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his, or their jurisdiction, may require." We think that the case made in the 2d paragraph of appellant's complaint comes fairly within the foregoing proviso ; for, if the contracting physician, whose duty it was to attend upon the poor of Metamora township, had abandoned his contract and moved away from the county, as alleged, then the township was " not otherwise provided for," and the trustee had the right to employ such medical or surgical services as the paupers of his township might require. The expense of all such services, under such employment, is a proper charge against the county. In the case of *The Commissioners of Morgan County* v.

*Holman,* 34 Ind. 256, it was held by this court, that where medical services are rendered by a physician, under the employment of a township trustee, to paupers of his township, such employment, in the absence of fraud or collusion, is conclusive in a suit to enforce the collection of the claim against the county for such services. See also the case of *The Board of Commissioners of Bartholomew County* v. *Ford,* 27 Ind. 17.

In our opinion, each of the paragraphs of appellant's complaint, in this case, stated facts sufficient to constitute a cause of action against the appellee; and, therefore, we hold that the court below erred, in sustaining the appellee's demurrers to each of said paragraphs.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to the court to overrule the appellee's demurrers to appellant's complaint, and for further proceedings.