WILLIAM A. BROWN, PLAINTIFF IN ERROR v. THE COMMISSIONERS OF OTOE COUNTY, DEFENDANTS IN ERROR.

1. County Commissioners: JURISDICTION OF. The board of county commissioners is invested by statute with exclusive original jurisdiction in the examination and allowance of accounts against a county.

Brown v. Otoe County.

2. ————— : —————.   The legislature having provided that an ap-
peal may be taken to the district court from the decision of the
commissioners in any matter within their jurisdiction, by any
person aggrieved, this remedy must be followed or the decision
of the board is final and conclusive.

3. ————— : —————.   As to accounts against a county, the jurisdiction
of the district court is appellate only, and an original action on
such demands cannot be maintained.

4. **Fees for Publishing Delinquent Tax List.**  The pub-
lisher of the delinquent tax list for a county has no right to with-
hold from the treasurer the proof of publication, which the statute
requires him to deliver to that officer, because of the non-payment
of his fees, and if he do so it is good ground for a refusal of the
county commissioners to allow his account for publishing the
list.

ERROR to the district court of Otoe county.

It was an action brought by William A. Brown, to
recover the sum of four thousand five hundred and thirty
dollars, and interest from September 7th, 1874, for print-
ing and publishing the "delinquent tax list" of said
county, as required by the provisions of an act of the
legislature of Nebraska, entitled "An act to provide re-
lief for delinquent tax-payers," approved February 27,
1873.   Gen. Stat., 940.

Among other defenses (relative to the manner of the
execution of the work), the defendant alleged that the
plaintiff in error had presented his account for the
printing to the county board; that such board had
passed upon, disallowed, and rejected the same; and that
by such action Brown's course was limited by statute to
an appeal from the decision of the board; and that the
district court had no jurisdiction of an original action
brought for such printing.

Upon trial before POUND, J. and a jury, the plaintiff
obtained a verdict for $935.50, whereupon the plaintiff
filed motion for new trial, and the defendant for judg-
ment *non obstante veredicto*, each of which was over-

ruled by the court; both parties excepted and filed cross-petitions in error in this court.

*S. H. Calhoun* and *C. W. Seymour*, for plaintiff in error.

I.   When a claim is presented to county commissioners and disallowed it may be taken to the district court by appeal or by commencing an original action. *Coms. of Leavenworth Co. v. Brewer*, 9 Kansas, 407.

II.   In *Wapello Co. v. Suinaman*, 1 G. Greene (Ia.), 413, under a statute similar to ours the court say: " If a creditor is dissatisfied with the allowance made to him by the board of commissioners, he has his election either to appeal or to institute an action against the board."

III.   Whenever the board of commissioners neglect to pay their liabilities, redress may be sought against them in the same way that it may against any other body corporate which is authorized by law to sue and be sued. *State v. Davis Co.*, 2 G. Greene (Ia.), 469. *Board of Com'rs. of Bartholomew Co. v. Ford*, 27 Ind., 17.

IV.   Decisions of board are conclusive unless appealed from or an independent action against the county is brought. *Board of Com'rs. of Warren Co. v. Gregory*, 42 Ind., 32.

V.   Assumpsit is proper remedy after rejection of claims by supervisors. *Price v. Sacramento Co.*, 6 Cal., 254.

*E. F. Warren*, for defendant in error.

An action cannot be maintained against the county. *Huff v. Knapp*, 5 N. Y., 65.  *Brady v. Supervisors*, 10 N. Y., 665.  *Commissioners v. Ranney*, 13 Ohio State,

388.  *Shephard v. Commissioners*, 8 Ohio State, 354. *Snelson v. State*, 16 Ind., 29.  *Gaston v. Commissioners*, 3 Ind., 497.  *Graham v. State*, 25 Ind., 334-5.  *State v. Buckels*, 39 Ind., 272-4.  *Eldorado Co. v. Elstner*, 18 Cal., 144.  *Arthur v. Adams*, 49 Miss., 404.  *Carroll v. Board*, 28 Miss., 38.  *County v. Corby*, 3 S. & M., 529.  *Board v. Grant*, 9 S. & M., 77, 90.  *Blackmore v. County*, 51 Penn. State, 160.  *Glotfelter v. State*, 74 Penn. State, 74–83.  *Martin v. Supervisors*, 29 N Y., 645.  *Supervisors v. Briggs*, 2 Denio, 26.

The principle of law is, that where a remedy is given by statute, it is exclusive, and must be followed.  If the statute had provided *no* remedy, a suit could not be maintained, unless possibly under the common law, and it should be alleged and proved that the action of the board was *willful*.  No such allegation is made ·in the petition,' and so there is no such right of action shown. *Bartlett v. Crozier*, 17 Johns., 458.

LAKE, CH. J.

I. We do not consider it necessary to notice but a single one of the numerous questions presented in this record.  The point made by counsel for the defendant in error, under the *third* head of his brief, we regard as radical, and practically decisive of the rights of the parties.  Under this head it is contended that Brown having .failed to appeal from the decision of the board of county commissioners upon his claim, that decision was final and conclusive of the rights of all concerned.  I have examined all the authorities cited by counsel, both for and against this proposition, and am led to the conclusion, against a preconceived impression, that the point is well made.  It is conceded on all hands that this account was one proper to be submitted to the board of county commissioners for their action.  It was a demand which the board, under the law, was required to pass

upon, and to determine whether it should be allowed and paid or not. *Whitewell v. Willard*, 1 Met., 216. *Stringham v. Board of Commissioners*, 24 Wis., 594. The statute conferring this authority upon the board provides that: "The board of county commissioners, at any meeting, shall have power  *  *  *  * to examine and settle all accounts of the receipts and expenditures of the county, and allow all accounts chargeable against the county, and when so settled county warrants may be issued therefor as provided by law."

In a very carefully considered case under a statute quite similar to this one, and which gave to the board of county commissioners power " to allow all accounts chargeable against such county not otherwise provided for," the supreme court of Indiana said : " We have, after much reflection and upon due consideration, reached the conclusion that the board of commissioners, in acting upon claims against the county *act in a judicial capacity*, and that their decisions are conclusive and binding alike upon the county and the claimant, unless appealed from or an independent action is brought against the county when the claim is disallowed." *Board of Commissioners of Warren County v. Gregory*, 42 Ind., 32. The only substantial difference between the Indiana statute and our own is, that while ours only provides for a review of the decision of the board by appeal, that of Indiana expressly declares: "That if a claim be disallowed by the board the claimant may either appeal from the decision, or, at his option, bring an action against the county." *Board of Commissioners of Bartholomew County v. Ford*, 27 Ind., 17.

And in New York, under a statute which gave to the board of supervisors power " to examine, settle, and allow all accounts chargeable to such county, and to direct the raising of such sums as may be necessary to defray the same," and no appeal from such decision being

provided for, it was held to follow, necessarily, that the decision of the board in respect thereof was final and conclusive. *Martin v. The Board of Supervisors of Green County*, 29 N. Y., 645. In such case the board has exclusive jurisdiction, and no action can be maintained for a county charge. *Brady v. The Supervisors of New York*, 2 Sand., 449. Same case affirmed in 10 N. Y., 260. Also *Gaston v. Commissioners*, 3 Ind., 497. *State v. Buckels*, 39 Ind., 272.

By the light of these decisions it seems very clear that, under a statute like ours, which confers upon county commissioners full and exclusive original authority "to examine and settle all accounts of the receipts and expenditures of the county, and allow all accounts chargeable against the county," their decision, whether in favor of or against the allowance of a claim within their jurisdiction, but for the right of appeal which is given, would be conclusive upon both the county and the claimant.

Under this construction of the statute, the holder of an account against a county is not compelled to accept the decision of the board as to the validity of his demand, but may obtain a review by the proper district court upon pursuing the steps which the statute directs. Section thirty-four, chapter thirteen, General Statutes, provides that: "Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of the board to the district court of the same county by causing a written notice to be served on one of the commissioners within twenty days after making such decision, and executing a bond to such county with sufficient security to be approved by the clerk of the county, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

The legislature having provided this simple and ade-

quate mode by which the decisions of the board, other-
wise final, may be reviewed, it necessarily precludes the
idea that a claimant may totally disregard its action
when unsatisfactory, and commence an original suit in
the district court, or, if the amount claimed be within
his jurisdiction, before a justice of the peace, and thus
involve the county in expensive litigation, with no
security whatever for the payment of the costs, in case
the judgment of the court is no more favorable to the
plaintiff than that given by the board.

The evident policy of our law is to discourage litiga-
tion in the courts in respect to all ordinary claims or
accounts against counties, and to protect these agencies
of the government against the expense and annoyance
that would necessarily result if original actions were
permitted to be brought upon them. But this policy
would be very effectually thwarted if the statute in
question were to receive the construction contended for
by the plaintiff in error.

It is true that the supreme court of Kansas, in the
case of *Commissioners of Leavenworth v. Brewer*, 9
Kan., 307, under a statute like ours, reached a different
conclusion from that to which we have arrived. But the
case is not satisfactory. In the opinion of Valentine, J.,
it is said: "It is true that the county commissioners in
some cases act in a kind of *quasi* judicial character, and
when they do so act their determinations are final unless
appealed from." But the learned judge omits to men-
tion any particular cases in which their decision would
be regarded as partaking of that character, and in which
an appeal would be necessary to avoid their determina-
tion as to the liability of the county.

Now we have no doubt whatever that the decision of
the commissioners upon claims of this sort is a judicial
act, and this is the view taken by nearly every court that
has passed upon the question. Surely if their determi-

nation of such questions be not judicial, it would seem difficult to conceive of any that would partake of that character. As additional authorities on this point, we refer to *County of Yalabusha v. Carby*, 3 Smedes & Marsh., 529. *Ross v. Lane*, Id., 695. *The Board of Police of Attala County v. Grant*, 9 S. & M., 77. *Cuthbert v. Lewis*, 6 Ala., 262.

As supporting the doctrine of this Kansas case the court cited *Price v. Sacramento Co.*, 6 Cal., 255, in which it was held that an original action could be brought against a county on an account after its dis-allowance by the county commissioners. But this case, while it undoubtedly announces the true rule under the statute of California, is hardly applicable to that of Kansas, or of our own state. It was based upon this provision: "No person shall sue a county in any case, or for any demand, unless he or she shall present his or her claim or demand to the board of supervisors, and if they fail or refuse to allow the same, or some part thereof, the party feeling aggrieved may sue the county." And the refusal of the California court to follow *Brady v. Supervisors of New York*, above cited, was placed dis-tinctly upon the difference between the statutes of the two states.

Considering the similarity of the statute to that under which the case of *Brady v. Supervisors of New York* arose, and also the distinction between these statutes and that of California, the case of *Price v. Sacramento Co.* should, we think, rather be regarded as supporting the conclusion we have reached—that under our law an original action cannot be maintained against a county upon an account which is required to be submitted to the commissioners for examination and allowance, and that in these cases the jurisdiction of the district court is not original, but appellate merely.

II. But there is another reason urged on behalf of the county equally conclusive against the validity of Brown's demand, and which, in our opinion, would have been equally fatal, even if the case had been properly taken to the district court by appeal. The statute, section seven, of the act of February 27, 1873, provides : " The publisher of the paper printing such advertisement shall deliver to the county treasurer four copies of the paper containing said list, to each of which he shall attach his certificate under oath of the due publication of the delinquent list, as provided by law." This it appears Brown refused to do. He not only refused to attach the oath which the statute provides, but also refused to deliver the copies of the paper in which the list was published, except upon the condition of being first paid his charges therefor. Now it is very clear that Brown had no right to impose this condition upon the treasurer; having undertaken to do the work it was his duty to conform his action to the forms of the law, and submit his claim for examination and allowance to the commissioners, who are made the auditing board for such demands. It is true that in dealing with a private person the publisher of a legal notice might have taken the course here pursued without prejudice to his claim to compensation, and this fact may have led Brown to suppose that he could require pre payment at the hands of the county authorities. But whatever may have induced him to take this course, it effectually deprived the county of the benefit of the publication of the list, and, at the same time, furnished a valid reason for the commissioners to disallow his claim for payment.

For these reasons the judgment of the district court is reversed and the action dismissed at the costs of the plaintiff in error, Brown.

REVERSED.