JOEL HULL, PLAINTIFF, V. THE COMMISSIONERS OF KEARNEY COUNTY ET AL., DEFENDANTS.

1. **Tax:** IRREGULARITY IN LEVY NOT A VALID OBJECTION TO. In June, 1872, Kearney county, which till then had been attached to Adams county for election, *revenue,* and judicial purposes, was organized, and prepared to transact its own business. On the thirteenth of July following, the commissioners of Adams, as they had been accustomed to do, and in good faith, made a formal levy of a tax for Kearney county, upon the property therein, which levy the commissioners of Kearney adopted, and caused to be extended upon their own tax books. *Held,* That this adoption of the levy by the commissioners of Kearney county made it their own; and, although irregular, was not a valid objection to the collection of the tax in an equitable point of view.

2. **Bridge:** COUNTY INDEBTEDNESS FOR: TAX TO PAY FOR: INJUNCTION. The collection of a tax levied for the payment of county warrants issued in settlement of an amount found to be due for building a bridge under a contract with the county, will not be enjoined at the suit of tax-payers on the ground that the commissioners exceeded their authority in letting the contract, the contract having been let, the bridge built, and the settlement made in good faith and without objection at the time.

ORIGINAL application for injunction.

*Joel Hull* and *Marquett, Deweese & Hall,* for plaintiff.

*J. S. Gilham* and *George W. Doane,* for defendants.

LAKE, CH. J.

This is an original action, and was brought to restrain the payment of certain county warrants, and also the collection of a tax levied for that purpose. The ground upon which the supposed right to this relief is based is that the warrants were issued without lawful authority, and are void. No fraud on the part of any one in the issue or proposed payment of said warrants is charged, but every

step taken respecting them seems to be conceded to have been in the utmost good faith.

These warrants appear to have been issued in due form by the commissioners of said county, on the fourth day of June, 1873, and in payment to Henry T. Clark of the balance found to be due him on settlement for building a bridge across the Platte river, between the towns of Gibbon and Lowell. The grounds of their alleged invalidity are, *first*, that there was then no existing fund against which to draw them; *second*, that the contract with Clark for the building of the bridge was unauthorized; and, *third*, that the bonds were in excess of the amount actually due for the work under the contract.

The want of a fund is claimed chiefly on the ground that, for the year 1872, there was no levy of a road tax by the commissioners of Kearney county. It appears from the petition that, instead of taking upon themselves the making of a formal levy, the commissioners simply ordered the county clerk to transfer to his own books a formal levy which had been made by the commissioners of Adams county, to which Kearney county had been attached for election, *revenue*, and judicial purposes. From the averments of the petition, it appears quite clear that Kearney county was completely organized when the commissioners of Adams county assumed to make a levy for it. This was done probably under the supposition that the organization of Kearney had not yet been fully perfected, and that it was their duty under the law to do it. At any rate there is nothing to show that it was not done in the utmost good faith. Under these circumstances we are of opinion that the action of the commissioners of Kearney, in the adoption of the work of the commissioners of Adams, made it their own, and that, although the desired result was reached somewhat informally, it was not at all different, at least when equitably considered, from what it would have been if made by the commissioners of Kearney independently, and after the

ordinary method.   We look upon this irregularity as of
no consequence.   And it is objected further to this levy
that the larger portion of the land on which it was placed
was not then subject to taxation, viz., about eight hundred
and sixty quarter sections, which had been selected by
railroad companies under grants from the United States,
and, under the law, still untaxable.   This point is urged
as showing that there was not only no fund provided for
at the time the warrants were issued, from which they
could ultimately be paid, but also that the contract with
Clark for the building of the bridge was unauthorized for
want of a fund on which to base it, as held in *The People
v. The Commissioners of Buffalo county*, 4 Neb., 150.   But,
even if the levy were illegal, this objection comes too late
to find favor with a court of equity.   According to the
showing made, the tax-payers of Kearney county were per-
fectly willing to have the bridge built by Clark, under the
contract, and to have the use of it—in other words, to ac-
cept the benefits that were to flow to them from Clark's
performance of the agreement on his part—but unwilling
to give anything in return.   As to the building of the
bridge, and the terms upon which it was being done, the
people of that county were at the time fully advised, but
without objection suffered the work to go forward to com-
pletion.   So, too, they knew of the settlement between
Clark and the commissioners respecting it, but took no
appeal, nor at any time during the eight years intervening
between that and the commencement of this suit sought to
have rectified any mistake therein.   Under such a state of
facts it would ill become a court of equity, as it seems to
us, to decree what is here sought.   It would be inequitable
rather than equitable.   *Brown v. Otoe county*, 6 Neb., 111.
*Clark v. Dayton*, Id., 192.   That the tax-payers of Kearney
county had a remedy at the time of the letting of the con-
tract to Clark, if they were unwilling to incur the obliga-
tion of paying for the work, is clear.   *Normand v. Otoe*

*County,* 8 Id., 18. But, having chosen to waive it then, they cannot have it now. There being no cause for equitable relief shown, the temporary injunction must be vacated and the action dismissed at the costs of the plaintiff.

JUDGMENT ACCORDINGLY.