Board of Commissioners of Morgan County *v.* Pritchett.

No. 8470.

BOARD OF COMMISSIONERS OF MORGAN CO. *v.* PRITCHETT.

RES ADJUDICATA.—*Decisions of Supreme Court.*—The decision of the Supreme Court upon a question, where the case is reversed, governs in all subsequent stages of the case, even in the Supreme Court upon a subsequent appeal.

COUNTY COMMISSIONERS.—*Claims.—Appeal.—Statute Construed.*—The act of 1879, R. S. 1881, sections 5758, 5760, 5769, operates prospectively only, and where suits were pending in circuit courts, against counties, when that act took effect, it did not deprive the courts of jurisdiction thereof.

BRIDGES.—*Repairs.*—Counties are liable for neglecting to keep their bridges in a reasonably safe condition.

From the Owen Circuit Court.

*F. P. A. Phelps, W. S. Shirley, J. C. Robinson* and *I. H. Fowler,* for appellant.

*G. W. Grubbs* and *M. H. Parks,* for appellee.

ELLIOTT, J.—This case is here for the second time; when here before a judgment was pronounced declaring the complaint to be sufficient, and that controls us as to all questions then before the court and decided; for a judgment on appeal conclusively settles the questions decided, and governs the case, as to the points decided, throughout all its subsequent stages.

Board of Commissioners of Morgan County *v.* Pritchett.

It is, however, insisted, that the complaint in this case is different from the one passed upon in the former appeal, and that it is insufficient because it does not show that appellee's claim was presented to the board of commissioners prior to the commencement of this action. Granting that this is a new element in the case, and not involved in the former decision, the contention can not prevail, for it is settled that, under the law in force when this action was begun, the claimant was not required to file his claim with the board as a condition precedent to his right to maintain an action. *Board, etc.,* v. *Ford,* 27 Ind. 17.

It is contended that the act of March 29th, 1879, divested the circuit court of jurisdiction, and put an end to all cases pending in the circuit courts of the State in which claims had not been first acted upon by the commissioners. It is clear to our minds that the Legislature intended the provisions of that act to apply to claims filed subsequent to its adoption, and not to actions commenced prior to its passage. The statute was intended to have a prospective and not a retrospective effect. It is a familiar rule that statutes will not be given a retroactive effect unless the rigor of the language is such as to compel the courts to adopt that construction.

When the case was here before the principal point decided was, that counties are liable for a negligent omission to keep in a reasonably safe condition the bridges upon their public highways, and that decision can not be overthrown without a violation of the rule stated in the opening sentence of this opinion. *Pritchett* v. *Board, etc.,* 62 Ind. 210. If we should now be of the opinion that the principle of law was erroneously decided, we could not change the ruling so as to affect this case; but if we were at liberty to change the former ruling, we would not do so. *House* v. *Board, etc.,* 60 Ind. 580 (28 Am. R. 657); *State, ex rel.,* v. *Board, etc.,* 80 Ind. 478 (41 Am. R. 821); *State, ex rel.,* v. *Demaree,* 80 Ind. 519.

Judgment affirmed.