The Board of Commissioners of Morgan County v. Seaton.

No. 10,692.

THE BOARD OF COMMISSIONERS OF MORGAN COUNTY
v. SEATON.

JURISDICTION.—*Judge pro tem.*—Where a cause was tried by a judge pro tem. without objection below, none can be made in the Supreme Court.

TOWNSHIP TRUSTEE.—*Board of County Commissioners.*—*Poor.*—*Employment of Physician.*—*Statute Construed.*—*Question of Fact.*—*Contract.*—A poor person, being sick, required such attention as the physician employed by the commissioners could not give by reason of his remote residence.

*Held*, that in such case the township trustee might, under section 5764, R. S. 1881, employ a physician.

*Held*, also, that it was a question of fact whether the township was "provided for."

*Held*, also, that the necessity of the employment was to be decided by the trustee, and, in the absence of fraud or collusion, his determination was conclusive.

From the Morgan Circuit Court.

*L. Ferguson*, for appellant.

*C. E. Davis* and *E. C. Steele*, for appellee.

BICKNELL, C. C.—This was a claim by the appellee against the appellant for medical attendance upon two paupers, at the request of the township trustee. The county board refused to allow the claim; an appeal was taken to the circuit court; there the appellee had a finding for $67.75. A motion for a new trial was overruled; judgment was rendered on the finding, and the county appealed.

The errors assigned are:

1. Overruling the motion for a new trial.

2. The court erred in assuming jurisdiction of said cause, when, as shown by the record, the same was not properly before it on appeal from the commissioners' court.

3. The court erred in assuming jurisdiction and sitting as judge of the Morgan Circuit Court, when the sitting judge was not incompetent, and in the absence of an agreement by the parties to that effect.

The record, however, does not show want of jurisdiction;

this was a case in which a judge might have been lawfully appointed, and no objection to the jurisdiction was made below. Where a cause is tried and may be tried before an appointee, and his authority is not objected to in the court below, it can not be assailed in this court. *Winterrowd* v. *Messick*, 37 Ind. 122; *Kennedy* v. *State*, 53 Ind. 542.

The reasons alleged for a new trial were:

1. The finding was contrary to law.

2. The finding was contrary to the evidence.

The question is, was the county bound to pay for the services in controversy under section 1 of the act of March 5th, 1859, which is the same as section 5764, R. S. 1881?

This section declares that the county board shall contract with physicians to attend to the county poor, and that no physician's claim for medical services shall be allowed by the board, except in pursuance of the terms of such contract: "*Provided*, That this section shall not be so construed as to prevent the overseers of the poor, or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his or their jurisdiction may require."

Township trustees are overseers of the poor within their respective townships. R. S. 1881, section 6066. Where the county has not employed a physician to attend to sick paupers outside of the poor-house and jail, the township trustee has authority to employ a physician for such persons in his jurisdiction. *Board, etc.*, v. *Ford*, 27 Ind. 17; *Board, etc.*, v. *Boynton*, 27 Ind. 19.

And although the county has employed a physician to attend to the county poor generally, yet, if he should abandon his contract, the township trustee may provide other necessary medical attendance for the sick poor of his township. *Conner* v. *Board, etc.*, 57 Ind. 15.

The question as to the necessities of the persons relieved is a matter for the determination of the trustee, and, in the ab-

sence of fraud or collusion, his determination is conclusive. *Commissioners* v. *Holman*, 34 Ind. 256.

The question whether the township is "not otherwise provided for" is a question of fact. *Board, etc.,* v. *Boynton*, 30 Ind. 859.

In the present case, the finding for the appellee was substantially a finding that the township was "not otherwise provided for."

The evidence tended to sustain the finding. It appeared that the sick persons treated by the appellee had typhoid fever, and required the attendance of a physician twice a day, and that the person employed by the county to attend to the county poor lived too far away to give these persons such medical services as they required.

The finding was not contrary to evidence, nor contrary to law. There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.