No. 11,776.

## WASHBURN *v.* THE BOARD OF COMMISSIONERS OF SHELBY COUNTY.

DEMURRER TO EVIDENCE.—*Exclusion of Competent Evidence.—Practice.*—By demurring to evidence the defendant does not deprive the plaintiff of the right to make available questions upon rulings excluding evidence.

TOWNSHIP TRUSTEE.—*Power to Employ Physician for Poor.*—Where the physician employed by the county refuses to treat a poor person who is in urgent need of medical attention, the township trustee has authority to employ another physician.

SAME.--*Evidence.--Declarations of Trustee as to Payment.*—In an action against the county by a physician employed by a township trustee to treat one in need of immediate attention, the declarations of the trustee concerning payment for services so rendered are admissible in evidence.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellant.

*E. K. Adams* and *L: J. Hackney,* for appellee.

ELLIOTT, J.—In the fall of 1882, Benjamin C. Allen, a poor person, had his hand so seriously injured in a saw-mill as to make it necessary to amputate it. The appellant was a physician, living at Waldron, Liberty township, Shelby county, and while at supper he was called to attend to Allen, whom he found sitting on the step of his office waiting for him. The messenger who had called the appellant asked the latter if he did not need assistance, and receiving an affirmative answer, he summoned Dr. McCain the physician employed by the county to attend the poor. Dr. McCain was asked to attend to the patient, but peremptorily refused for the reason that Dr. Washburn had been first called to the case. The township trustee was informed by Dr. Washburn that he had amputated Allen's hand, and the trustee said to him, that he had commenced the case and "must go ahead with it."

The appellant offered to prove what was said by the trustee concerning paying for the services rendered Allen, but the court excluded the evidence.

We do not think that the fact that the appellee demurred to the appellant's evidence precludes him from availing himself of a ruling excluding competent evidence. To hold that a party by demurring to evidence may render unavailing a ruling, made against his adversary, excluding competent testimony, would work great injustice, for, by so holding we should lay down a rule that would enable a defendant to secure erroneous rulings on the admission of evidence, and then, by demurring to the evidence admitted, deprive the plaintiff of the benefit of the rulings excluding evidence, however erroneous they might be, and however great the injury done to him by such rulings. The case is not at all like that of the demurring party asking a review of rulings upon the admission and exclusion of evidence, for he, by his own act, submits the cause for decision upon the evidence received by the court, and thus impliedly waives all questions upon rulings made in the course of the trial, but his adversary does no affirmative act waiving rulings to which he has reserved proper and timely exceptions. If the rule were that the party compelled to join in the demurrer to the evidence waived all questions reserved upon rulings made in the course of the trial, then he would be completely at the mercy of his adversary and might be deprived, without any fault on his part, of the evidence upon which his case depended. We hold that a defendant who demurs to the evidence can not deprive the plaintiff of the right to make available questions upon rulings excluding evidence.

We think that the declarations of the township trustee ought to have been admitted. There was testimony tending to prove that the case was one of emergency, that the physician employed by the county had refused to treat the injured man; and in such a case the township trustee, who is by virtue of his office overseer of the poor, had authority to sanction the employment of another physician. We do not hold that in ordinary cases the township trustee has authority to call in any other physician than the one employed by the

county. On the contrary, our opinion is that in ordinary cases he has no authority to call any other than the physician engaged by the board of commissioners. Where, however, that physician refuses to act, and there is a case requiring immediate treatment, the township trustee may call another physician. We can not believe that the law intended that a poor man or woman urgently in need of medical or surgical attention should be left to suffer in cases where the county physician refuses to render professional services. The authority to take measures to prevent, if possible, suffering and death, must be lodged in some local officer, for it certainly was never intended that the sufferer should wait until the board of commissioners could be called together and an order obtained authorizing the employment of a physician.

The decided cases support the views we have expressed. Thus, in *Board, etc.,* v. *Seaton,* 90 Ind. 158, it was held that the trustee might employ a physician in a case where the county physician lived so far distant from the sick person as to be unable to give the sick person the attention he required. It was held in *Conner* v. *Board, etc.,* 57 Ind. 15, that where the county physician abandoned his contract, the trustee might employ another physician. The decision in *Board, etc.,* v. *Ritter,* 90 Ind. 362, affirms that there are cases in which the township trustee, as overseer of the poor, has authority to employ a physician although one had been previously employed by the county. The decision in *Board, etc.,* v. *Boynton,* 30 Ind. 359, correctly states the general rule, that where a county physician has been employed, the township trustee can not employ another, but that decision does not apply to a case where the county physician refuses to render service to a poor person needing immediate attention.

The trial court erred in not admitting in evidence the declarations of the township trustee, and the judgment is reversed, with instructions to grant the appellant a new trial.

Filed Dec. 8, 1885; motion to modify judgment overruled Dec. 29, 1885.