Filed Nov. 5, 1886.

———————◆———————

No. 12,677.

THE BOARD OF COMMISSIONERS OF POSEY COUNTY *v.* HARLEM ET AL.

PRACTICE.—*Bill of Exceptions.*—*Motion to Dismiss.*—*Supreme Court.*—Where motions to dismiss, and to strike out evidence, and the rulings thereon, are not made parts of the record by a bill of exceptions or an order of the court, no question thereon is presented on appeal.

JURISDICTION.—*Circuit Court.—Claim Against County for Supplies to Poor Persons.—Township Trustee.*—The circuit court has appellate jurisdiction of a claim against a county for supplies furnished to poor persons, on orders of a township trustee, where it has been presented to and disallowed by the county commissioners.

POOR.—*Relief of.—Discretion of Township Trustee.*—Under the provisions of the law of this State for the relief of the poor, the poor of each county and the transient poor shall receive all necessary relief at the expense of the proper county; and the nature and extent of such relief in each particular case is largely entrusted to the sound discretion and practical judgment of the township trustee as overseer of the poor.

SAME.—*Permanent or Temporary Relief.*—Whether it will be better, in any case, to remove a resident poor person to the county asylum, as a permanent charge, or to afford him temporary relief merely, is a question for the determination of the township trustee.

SAME.—*Evidence.— Orders of Trustee not Conclusive, but Admissible in Action Against County.*—The orders issued by a township trustee for supplies to poor persons are not conclusive upon him or the county, but they are admissible in evidence in support of a claim against the county by the person furnishing the supplies, where there is evidence *aliunde* that the supplies were furnished to the persons named in the orders, and that they were entitled to the relief.

From the Posey Circuit Court.

*E. M. Spencer, A. P. Hovey* and *G. V. Menzies,* for appellant.
*J. W. French, D. O. Barker* and *W. P. Edson,* for appellees.

HOWK, C. J.—The record of this cause shows that prior to the 24th day of March, 1884, appellees, Michael and Jacob Harlem, partners, under the firm name of M. Harlem & Son, presented to the appellant, for allowance, an itemized account for supplies furnished by them, on the orders of the trustee of Black township, in Posey county, to the poor of such township and county. The claim was disallowed by appellant, and the claimants, M. Harlem & Son, appealed to the circuit court of the county. There the cause was tried by the court, and a finding was made for appellees in the sum of $500.50, and, over appellant's motion for a new trial, judgment was rendered accordingly.

Errors are assigned here by appellant, which call in ques-

tion the overruling (1) of its motion for a new trial and (2) of its motion to dismiss appellees' cause of action.

In the natural order, and, indeed, in the order in which appellant's counsel have presented and discussed these alleged errors, the error of the court in overruling its motion to dismiss appellees' cause of action herein must first be considered. This motion appears to have been in writing, and therein appellant moved the court to "dismiss this cause, as the evidence shows that the court has no jurisdiction over the subject-matter in controversy." In this same written motion, appellant also moved the court "to strike out from the evidence all the orders, offered in evidence, signed by Geo. D. Rowe, trustee." The rulings of the trial court on each of these motions have been elaborately discussed by appellant's counsel in their brief of this cause. Neither the motions nor the rulings of the court thereon have been made parts of the record of this cause, either by a bill of exceptions or by an order of court. The questions discussed by appellant's counsel, therefore, are not presented here for our consideration or decision by the second alleged error. Section 650, R. S. 1881; *Fryberger* v. *Perkins*, 66 Ind. 19; *Williams* v. *Potter*, 72 Ind. 354; *Shields* v. *McMahan*, 101 Ind. 591; *Kleespies* v. *State*, 106 Ind. 383.

We recognize the rule, however, that "the objection to the jurisdiction of the court over the subject of the action" is not waived by any failure to object or except, or to file a bill of exceptions on that ground. Section 343, R. S. 1881. But the "subject-matter in controversy," in the case in hand, was a claim against the county of Posey for necessary supplies furnished by appellees to the poor of such county, on the orders of the trustee of Black township therein. It will not do to say, we think, that the court below had "no jurisdiction over the subject-matter in controversy" herein. By the express provisions of sections 5758, 5759 and 5760, R. S. 1881, in force since May 31st, 1879, the board of commissioners of Posey county had exclusive original jurisdiction of appellees'

claim against such county. This is settled not alone by the plain letter of the statute, but, also, by our decisions. *Pfaff v. State, ex rel.*, 94 Ind. 529 ; *State, ex rel.*, v. *Board, etc.*, 101 Ind. 69 ; *State, ex rel.*, v. *Morris*, 103 Ind. 161.

In section 5769, R. S. 1881, also in force since May 31st, 1879, being section 3 of the same statute which gives the board of commissioners of each county in this State exclusive original jurisdiction of any claim against such county, it is provided as follows : "Any person or corporation, feeling aggrieved by any decision of the board of county commissioners, made as hereinbefore provided, may appeal to the circuit court of such county, as now provided by law."

In the case now before us, appellees' claim against Posey county was duly presented to the appellant for allowance ; the claim was disallowed and rejected by appellant, and the appellees, feeling aggrieved by such decision, appealed therefrom to the circuit court of Posey county. Upon these facts shown by the record, there is no room for even a doubt, as it seems to us, of the full and complete jurisdiction of the court below over this suit and the subject-matter thereof.

On the trial of this cause, the court found the facts to be substantially as follows :

1. All the goods and money, mentioned in plaintiffs' bill of particulars, were furnished by them, upon the orders of George D. Rowe, trustee of Black township, in Posey county, and the goods were of the value charged therefor.

2. George D. Rowe was, at the time of drawing such orders, the duly elected and qualified trustee of Black township, and acting as such.

3. All the orders, numbered from 1 to 33 inclusive, were for money to be used for the purpose of defraying the expenses and transportation of certain persons to their homes in other counties of this State, or in other States.

4. In each of these cases, the trustee, as overseer of the poor, had made reasonable inquiry and found, and in good faith believed, such persons to be in need, and either sick or

in distress, and furnished sums for transportation as being, in his judgment, the best mode of affording to them temporary relief.

5. Fraud never being presumed, the court found that the evidence did not show that any of the orders, either for goods, money or transportation, were issued either corruptly or fraudulently by said township trustee.

6. Upon and after examination and inquiry by said township trustee, all of the remaining orders were issued for goods, either to transient paupers or resident poor persons, who at the time were unable to provide for themselves and were found by said trustee to be in need of temporary relief.

7. Owing to the distance of the county asylum for the poor from Black township, and especially from Mt. Vernon where most of these persons were found, and the cost between $3 and $4 of conveying any one of such poor persons to the county asylum, the court found that it would have been inexpedient to have sent such persons to said asylum, or that there was no abuse of the discretion given to the township trustee, as overseer of the poor, in granting the persons mentioned, at their places of residence, the temporary relief afforded by him through his orders on the plaintiffs.

Upon the foregoing facts, the court concluded as matter of law that the appellant was justly and legally liable to appellees for the full amount of their claim herein. In this conclusion, we think there was no error.

The facts found by the court were fully and fairly sustained by the evidence, appearing in the record. In section 6066, R. S. 1881, in force since May 6th, 1853, the township trustees of the several civil townships of this State are designated as " overseers of the poor," within their respective townships, and are required to perform all the duties with reference to the poor therein, that may be prescribed by law. In section 6071, also in force since May 6th, 1853, it is provided that " The overseer of the poor in each township shall have the oversight and care of all poor persons in his town-

ship so long as they remain a county charge, and shall see that they are properly relieved and taken care of in the manner required by law." So, also, in section 6078, of the same statute, it is further provided that "Whenever any person, entitled to temporary relief as a pauper shall be in any township in which he has not a legal settlement, the overseer of the poor thereof may, if the same be deemed advisable, grant such relief, by placing him or her temporarily in the poor-house of such county," etc. In section 6089, of the same act, it is made the duty of the overseer of the poor, on complaint to him that any person, not an inhabitant of his township, is lying sick therein or in distress, and without friends or money, so that he or she is likely to suffer, to examine into the case and grant such temporary relief as the nature of the same may require.

In construing the various provisions of our law for the relief of the poor, two things are plainly observable, namely: 1st. The legislative intention that the poor of each county and the transient poor shall, in any event, receive all necessary relief at the expense of the proper county; and 2d. The nature and extent of such relief, in each particular case, is largely entrusted to the sound discretion and practical judgment of the township trustee, as overseer of the poor. Orders were issued by the township trustee to the appellees, in the case under consideration, directing them to furnish the persons named therein the money or supplies which the township trustee had deemed it advisable to give such persons to relieve their necessities. Complaint is made by appellant's counsel, that the trial court erred in admitting these orders in evidence. Of course, the orders were not binding or conclusive upon either the township trustee or the county. But proof having been made *aliunde*, that the money or supplies, mentioned in the orders, had been furnished by appellees to the persons named therein, and that such persons were proper recipients of, and lawfully entitled to, the relief furnished by appellees upon such orders of the township trustee, we think

that the orders were admissible in evidence as parts of the transaction. *Bloomington School Tp.* v. *National, etc., Co.*, 107 Ind. 43, and cases cited.

In *Commissioners, etc.*, v. *Holman*, 34 Ind. 256, it is said: "The question as to the necessities of the persons relieved is a matter for the determination of the trustee, and we think if the people call competent and faithful persons to the discharge of the duties of this office, there will be little cause of complaint under this rule. Should there be connivance or fraud between the trustee and the claimant, this, of course, would present a different question." To the same effect, substantially, are the following cases: *Conner* v. *Board, etc.*, 57 Ind. 15; *Board, etc.*, v. *Seaton*, 90 Ind. 158; *Board, etc.*, v. *Jennings*, 104 Ind. 108.

Whether it will be better, in any case, to remove a resident poor person to the county asylum for the poor, as a permanent charge, or to afford him temporary relief merely, is also a question, we think, for the determination of the proper township trustee; and in the decision of this question he should take into consideration the best interests of the public, as well as those of such poor person. In the case at bar, the court expressly found that the dealings between the township trustee and the appellees were in good faith, and free from either fraud or corruption. Upon the whole case, as presented by the record, we are of opinion that the court committed no error herein, which will authorize or justify the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Nov. 3, 1886.