The State, *ex rel.* Chisholm, *v.* Gold, Trustee.

No. 17,315.

Filed Apr. 30, 1895.

———————◆———————

No. 17,310.

## THE STATE, EX REL. CHISHOLM. *v.* GOLD, TRUSTEE.

From the Marion Circuit Court.

*J. B. Julian* and *J. F. Julian*, for appellant.
*A. C. Ayres* and *A. Q. Jones*, for appellee.

JORDAN, J.—The relator, Robert S. Chisholm, instituted this action in the name of the State, on his relation, to obtain a writ of mandate against the appellee, trustee of Center township, Marion county, Indiana, to require him to certify to the board of commissioners of said county that a certain bill was correct, wherein charges were specified in favor of the relator for boarding, caring for and nursing a pauper of that county.

Upon a trial in the court below, there was a finding in favor of appellee, denying the writ, and, over a motion for a new trial, judgment was rendered against the relator for costs.

The only alleged error that can be considered is the action of the court in overruling the motion for a new trial.

The question properly presented and argued by counsel for appellant, in their brief, is the sufficiency of the evidence, or, in other words, their contention is that the court erred in holding that the evidence was not sufficient to justify a finding in favor of appellant.

We have carefully read and examined the evidence in the record, and are satisfied that the judgment is clearly right, and is the only correct result, under the law and the facts, that could have been reached by the trial court. The evidence shows that Mrs. Clarke, the pauper in question, was an inmate of the Marion county Poor Asylum; that she was an invalid suffering from the effects of a chronic disease; that the relator took her to his own home, boarded and nursed her, but that these services were rendered by the appellant without any

contract or authority that would entitle him to compensation from the county for the same.

There is evidence tending to show that this pauper was well cared for and comfortably situated at the asylum, and that there was no necessity existing for her removal therefrom by the relator, and that he agreed, when he took her away, that he would make no charge against the county for his services in controversy.

The case of *Board, etc.,* v. *Seaton,* 90 Ind. 158, and others cited by the learned counsel for the appellant, relative to the power of the township trustee to employ a physician for a poor person, in certain contingencies, are not in point, in view of the facts herein, and lend no support to their contention. It may be conceded, perhaps, as contended, that the relator performed a noble and charitable act in behalf of this unfortunate woman, but it was one for which the law, under the evidence, does not award him compensation from the public treasury.

The judgment is affirmed, at the cost of the relator.

